JOHN R. DRAKE, Appellant, *v.* THE NEW YORK IRON MINE, Respondent.

*Stay of the plaintiff's proceedings until the costs of a prior action are paid — identity of the causes of action.*

While orders staying a plaintiff's proceedings, until the costs of a previous action decided in favor of the defendant have been paid, are properly made where a plaintiff vexatiously pursues a defendant with unnecessary litigation, there is no inflexible rule compelling courts to make such an order where the plaintiff is not in fault and the result would be not to prevent but to promote injustice.

One of the requisites to entitle a defendant to a stay of the plaintiff's proceedings until the costs of a previous action are paid is identity of the subject-matter of the two actions.

Where a defendant has once procured a ruling that the causes of action are different, and has prevented a determination in the prior action of the facts set up in the subsequent action, rendering a new action necessary, he cannot be heard to assert, on an application to stay the plaintiff's proceedings in the subsequent action until the costs of the prior action have been paid, that the causes of action are the same.

APPEAL by the plaintiff, John R. Drake, from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of Queens county on the 2d day of April, 1893, upon the motion of the defendant, staying all proceedings on the part of the plaintiff until the costs of a previous action shall have been paid.

*Roger M. Sherman,* for the appellant.

*Frank E. Smith,* for the New York Iron Mine, respondent.

PRATT, J. :

The plaintiff appeals from an order staying proceedings until the costs of a previous action are paid.

Such orders are properly made where a plaintiff vexatiously pursues a defendant with unnecessary litigation (*Ex parte Stone,* 3 Cow. 380), but there is no inflexible rule compelling courts to make such order where the plaintiff is not in fault and the result would be not to prevent but to promote injustice.

In the present case the complaint, which is verified, states a good cause of action. There is no answer, not even an affidavit of merits, nor any doubt thrown over the justice of plaintiff's claim.

So far as can be learned from the various records before us, the plaintiff has for many years had meritorious grounds of complaint against which defendant has successfully defended itself by skillful use of technicalities. Whether in such case a stay of proceedings should be granted, even should defendant bring itself within the letter of the rule, may well be doubted.

But one of the grounds of a successful application is identity of the subject-matter of the actions. In the former action (reported 25 J. & S. 404), the plaintiff sought to introduce by a supplemental complaint the facts upon which this action is based. This was pre-

vented by the objection of the defendant and the ruling of the court that the present cause of action could not be introduced and tried in that action.

As defendant has once procured a ruling that the causes of action are different, and prevented a determination in that action of the facts now set up, rendering a new action necessary, it cannot now be sustained when it seeks a stay and asserts the causes of action to be the same.

The order appealed from should be reversed and original motion denied, with costs in all the courts.

BARNARD, P. J., and DYKMAN, J., concurred.

Order reversed, with costs and disbursements, and motion denied, with costs.