(66 App. Div. 552.)

## SIBLEY v. SIBLEY.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

CONTEMPT—REMOVAL FROM JURISDICTION—MOTION FOR FAVOR—ALLOWANCE—
CONDITIONS.

     Where a defendant in a divorce suit, adjudged in contempt of court for refusal to pay alimony and counsel fees ordered, removes from the court's jurisdiction to prevent enforcement of the court's order, the court will not modify the order by reducing the amount directed to be paid, and vacate the contempt order, till such defendant again places himself within the court's jurisdiction.

Appeal from special term, New York county.

Action by Carlie Weil Sibley against Richard Clay Sibley. From an order denying a motion to modify an order granting alimony and counsel fees, and to vacate and set aside order adjudging defendant in contempt, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

L. Laflin Kellogg, for appellant.

J. Noble Hayes, for respondent.

McLAUGHLIN, J. This action was brought to procure a separation on the ground of cruelty and failure to support. After issue had been joined by the service of an answer, an order was made directing the defendant to pay a sum of money for alimony and counsel fee. The defendant did not pay the sum directed, and thereafter an order was made adjudging him in contempt, and, as a punishment therefor, striking out the answer which he had interposed. An appeal was taken from each order, but the same were dismissed for the nonservice of papers. The defendant then moved to modify the order directing the payment of alimony and counsel fees by reducing the amount directed to be paid, and to vacate and set aside the order adjudging him in contempt, and permitting him to purge himself of contempt, and reinstating his answer. The motion was denied, and the defendant has appealed.

There is no doubt that the court has the power to grant the relief asked, but the defendant is not in a position to invoke that power. He did not comply with the former order of the court, and by reason thereof he was adjudged guilty of contempt. He not only did not comply with the order, but he went, and, unless he has secretly returned, has ever since remained, outside of the jurisdiction of the court, for the purpose of preventing the enforcement of its orders. This appears from his own affidavit, in which he states that "deponent's financial condition was such that it was utterly impossible to pay such counsel fee or alimony at that time, and he was obliged to, and did, leave the state of New York, in order to prevent being incarcerated and jailed for his failure to obey such order. * * *" Nor does it appear that he has yet returned to the state of New York, or complied in any respect with the order of the court directing the payment of alimony and counsel fee. Under such circumstances, we are of the opinion that, until he subjects him-

self to the jurisdiction of the court, it ought not to hear him. He applies for a favor, and the general rule is that a party in contempt will not be granted a favor of the court until he has purged himself of contempt, or certainly not until he has placed himself within the jurisdiction of the court, where its orders can be enforced. Brinkley v. Brinkley, 47 N. Y. 40; Walker v. Walker, 82 N. Y. 260; Hovey v. Elliott, 145 N. Y. 126, 39 N. E. 841, 39 L. R. A. 449. The case of Wetmore v. Wetmore, 162 N. Y. 503, 56 N. E. 997, 48 L. R. A. 666, is not in point. There the defendant applied to the court for the modification of a judgment, not as a favor, but as a matter of right; and the court held that the contingency contemplated in the judgment had happened, and after the second marriage of the plaintiff the court had no power to devote the income of the trust fund therein referred to to her support, without diverting it to a purpose that could not have been contemplated by the testator when the will was made. There is no intimation anywhere in the opinion of the court of appeals that if the application had been one of favor, instead of right, but what the action of the supreme court would have been sustained. On the contrary, the intimation is made that it would have been. We are therefore of the opinion that the order appealed from must be affirmed, without prejudice, however, to the right of the appellant to renew his application when he returns to this state and subjects himself to the jurisdiction of the court.

Order affirmed, with $10 costs and disbursements. All concur.