BATES v. BATES.

(Supreme Court, Special Term, Monroe County.　December, 1913.)

1. DIVORCE (§ 218*)—ALIMONY—MOTION TO VACATE ORDER.

Defendant, in a divorce action, cannot successfully move to vacate an order for payment of alimony after a certain date until he has submitted himself to the court's jurisdiction, after having left its jurisdiction to escape payment of alimony, though no formal order adjudging him guilty of contempt in not paying alimony was entered.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 639; Dec. Dig. § 218.*]

2. DIVORCE (§ 262*)—NONPAYMENT OF ALIMONY—EFFECT.

A defendant in a divorce case who removed from the jurisdiction of the court to defeat the enforcement of an alimony order, and has thereby been in actual contempt of court for many months, may be prevented by the court from taking any forward proceedings in the action until he has purged himself of contempt.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 738; Dec. Dig. § 262.*]

3. DIVORCE (§ 262*)—JUDGMENT—POWER TO VACATE.

Where, in an action by the wife for divorce, a judgment of separation was entered for defendant, it may be vacated by the court on motion of plaintiff, where defendant has for many months been in actual contempt of court by having left the jurisdiction for the purpose of avoiding an alimony order made pending the proceedings.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 738; Dec. Dig. § 262.*]

Divorce action by Julia L. Bates against Herbert V. Bates. On plaintiff's motion to set aside the judgment and defendant's motion to modify an order directing payment of alimony. Plaintiff's motion granted, and defendant's motion denied.

Charles D. Newton, of Geneseo, for plaintiff.
William A. Wheeler, of Avon, for defendant.

SAWYER, J.　This action was tried, so far as the taking of the evidence was concerned, in January, 1912, but was not submitted for decision until shortly prior to April 1, 1913. In December, 1911, plaintiff had obtained an order requiring defendant to pay certain counsel fees and $5 per week by way of alimony, pending the action. Defendant made the payments as so required up to January 1, 1913, since when no payments have been made. It appears from the moving papers and from statements of counsel in the argument to the court that, before the case had been submitted and in the spring of 1913, defendant left the jurisdiction, and that his whereabouts have been since unknown, although his attorney has indirect information that he is in either one of the northwestern states of the Union, or western Canada. The decision of the court was against the plaintiff, and an affirmative judgment of separation upon defendant's counterclaim was directed. Judgment thereon was, however, not entered until the 18th day of November, 1913, some four months after the opinion of the court had been handed down.

Plaintiff now moves to vacate and set aside such judgment, upon the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ground that, by his nonpayment of alimony and removal from the state, defendant knowingly and willfully disobeyed the order of the court, and is therefore stayed from taking onward steps in the action until he has purged himself of the contempt. Defendant's attorney also moves to modify the original order directing payment of alimony, so that same shall cease to be operative from and after January 1, 1913, to which time the payments had been regularly made.

[1] It needs but a moment's consideration to see that defendant's motion must be denied. Assuming that his attorney still has the authority to make a motion in his behalf, defendant cannot be heard upon such an application, which is purely a matter of favor and addressed to the discretion of the court, until he has submitted himself to its jurisdiction. Sibley v. Sibley, 66 App. Div. 552, 73 N. Y. Supp. 244.

The fact that no formal order adjudging defendant in contempt has been made, as was the case in Sibley v. Sibley, supra, is not overlooked; but, upon a motion of this character, the court must take cognizance of all the facts, and require a suitor for its favor to present himself with clean hands.

[2] No question is made in behalf of defendant but that he was at the time of entry of the judgment herein, and for many months prior thereto had been actually in contempt of this court, and had deliberately removed himself from its jurisdiction for the purpose of defeating any attempt to enforce the alimony order, and also of avoiding the consequences of any judgment against him in the action then pending and undetermined. That, under such circumstances, the court has full power to stay him from any forward proceedings in the action, until he has purged himself of contempt, is the well settled law of this state. Walker v. Walker, 82 N. Y. 260; Brinkley v. Brinkley, 47 N. Y. 40; Harney v. Harney, 110 App. Div. 20, 96 N. Y. Supp. 905.

It is contended in his behalf that this rule was abrogated by the Court of Appeals by its decision in Hovey v. Elliott, 145 N. Y. 126, 39 N. E. 841, 39 L. R. A. 449; but I think this contention not well founded. The import and extent of that decision is well pointed out by Mr. Justice Jenks in Harney v. Harney, supra, where it is held that the Hovey Case does affect the principle that the courts may stay the defendant from any affirmative progressive action.

Under these and other authorities, if a motion therefor had been made after the decision and before the entry of judgment in this action, such entry would have been stayed until the defendant had come into court and purged himself of his contempt, either by submission and payment, or by procuring a modification of the alimony order which, under the circumstances, would probably have been made.

[3] It is, however, insisted that because judgment had been actually entered it cannot, under the holding of the Hovey Case, be vacated, but, on the contrary, all the powers and benefits of the court must be exercised in his behalf, notwithstanding his willful disobedience and contumacious behavior. It will be observed that in the Hovey Case it was held that an answer regularly interposed by a defendant in good standing before the court could not be stricken out in punishment for a contempt by him subsequently committed. It is not an authority for

the proposition that a party already in contempt of court will be sustained in any forward movement he may have been fortunate enough to have made prior to the time when his actions are brought to the court's attention. Otherwise parties to a litigation could commit acts of contempt with impunity, provided only that with diligence and good fortune they procured favorable advancement before the improper acts were discovered. It clearly appears from the affidavits used on this motion that the propriety of entering this judgment had been under discussion between counsel, and the suggestion made that the facts be first submitted to the court for its advice and direction; it likewise seems apparent that the delay in its entry was due to some doubt on the part of counsel as to just what course ought, under the circumstances, to be followed.

Defendant's attorney unquestionably acted in entire good faith, and his denial that he made any statement from which could have been drawn the inference that he would confer with opposing counsel before entry of judgment is not overlooked, nor disbelieved. He does, however, impliedly admit that the subject of his right to enter judgment was talked over between them, and does not deny but that the suggestion to submit the matter to the court for advice was made. Such being the case, he acted at his peril.

This is not so much a matter concerning the rights of these parties as it is one concerning the dignity of our courts and their power and duty to enforce obedience to their lawful decrees and orders. If this defendant did not feel warranted in continuing the payments under the order theretofore made, or became impatient (as well he might) with the delay in the submission of his case for decision, the courts were open to him and unquestionably suitable direction would have been made upon his application. If he had not adopted this course, he could still, after the opinion directing judgment in his favor had been filed, have paid the amount for which he was in arrears, or else then have applied for a modification, and in either event would have been placed in a position to avail himself of the decision in his favor. He has not seen fit to do any of these things. Instead, he has kept himself out of the jurisdiction of the court and not only manifested no disposition to purge himself of his deliberate contempt, but has continued his contumacious conduct, relying entirely upon the proposition that the court has no power to set aside a judgment in his favor had in ignorance of the circumstances of his behavior.

I think his claim in this regard cannot be sustained.

The suggestion has been advanced that, if it be held that defendant's position is untenable, the judgment be nevertheless allowed to stand upon payment of the alimony due and owing at the date of its entry.

This cannot be considered. The court cannot dicker or bargain in matters pertaining to its own dignity. Before defendant can avail himself of its beneficial conclusion, he must, as has already been said, stand before it with hands entirely clean.

Defendant's motion denied, without costs.

Plaintiff's motion granted, with $10 costs.

Ordered accordingly.