SKIDMORE v. SKIDMORE.

(Supreme Court, Appellate Division, Second Department.　February 13, 1914.)

1. DIVORCE (§ 247*)—ALIMONY—REMARRIAGE OF PLAINTIFF.

Defendant was relieved from the legal obligation to support his divorced wife on her remarriage to another.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 689, 697–700, 733, 736; Dec. Dig. § 247.*]

2. PARENT AND CHILD (§ 3*)—PARENT'S DUTY TO SUPPORT—TERMINATION.

A parent's duty to support his children terminates on their becoming 21 years of age.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 33–62; Dec. Dig. § 3.*]

3. DIVORCE (§ 246*)—DECREE FOR ALIMONY—MODIFICATION.

Prior to 1904, Code Civ. Proc. § 1771, gave the court power to vary, modify, or amend a divorce decree with reference to alimony, and in that year the section was amended by making it mandatory on the court, on proof of remarriage, to annul the provisions of the decree so far as they directed payment of alimony for support. *Held*, that where a wife procured a divorce and a decree for alimony prior to 1904, the court thereafter, on proof of her remarriage, should exercise discretion and apply the legislative intent to such decree, and hence an order denying such relief would be reversed without a finding of abuse of discretion.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 696; Dec. Dig. § 246.*]

Appeal from Special Term, Westchester County.

Action by Jennie Skidmore against Thomas H. Skidmore. From an order denying defendant's motion to amend and modify a divorce decree with reference to the payment of alimony, defendant appeals. Reversed and motion granted.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Benjamin Reass, of Brooklyn, for appellant.

C. D. Manville, of Mount Vernon, for respondent.

RICH, J. [1, 2] This appeal is from an order denying defendant's motion to amend and modify the provision for the payment of alimony

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contained in a final decree of divorce. The decree was entered March 13, 1899, and directed that the defendant pay to the plaintiff the sum of $28 per week for the support and maintenance of herself and two minor children, a son and daughter, the issue of the marriage. It is specifically admitted that the defendant has regularly paid the alimony to the plaintiff, and that on the 3d day of June, 1903, she married one Manville, with whom she is living; her husband is supporting and maintaining her, and is abundantly able to do so. It is also conceded that both of the children are over the age of 21 years, and that the daughter is married and is supported by her husband. The opposing affidavits with great length allege grievances against the defendant, relating, however, to matters arising prior to the divorce. They are denied by him, but, if true, they present no substantial reason for denying the relief sought by defendant, with the possible exception of the claim that he agreed that if the plaintiff would give him powers of attorney to enable him to transfer and give a clear title to his real property, he would pay her $28 per week during her lifetime "for her support and maintenance and that of their two children." This is denied by the defendant, and the written contract, which was signed by the parties, does not contain any such agreement or promise. It does not appear that the plaintiff has been prejudiced by the execution of the power of attorney; in fact the defendant alleges that he has never used it. It was exacted by him, however, as a condition for the $28 weekly payment, and now that he is to be relieved of his obligation to pay, the power of attorney should be returned to the plaintiff unused. He was relieved from his legal obligation to support the plaintiff by her remarriage, and ceased to be responsible for the support of his children upon their becoming 21 years of age.

[3] When the final judgment was entered, section 1771 of the Code of Civil Procedure gave the court the power to vary, modify, or amend the provision as to alimony, and in 1904 the section was amended by making it mandatory upon the court, upon proof of remarriage, to annul the provisions of the judgment so far as they direct the payment of alimony for support.

In the case of Krauss v. Krauss No. 1, 127 App. Div. 740, 111 N. Y. Supp. 788, it was held that this mandatory provision was not retroactive, and did not apply to decrees entered before it became a law, but it was pointed out that the court possessed the same power to modify or annul such a provision contained in the final judgment of divorce under the amendment of 1895.

The purpose of the amendment of 1904 was to prevent a woman who had married after obtaining a judgment of divorce being supported, in whole or in part, by her former husband, and the court, in the exercise of its discretion, should apply the legislative intent to final judgments of divorce granted prior to 1904.

While the order appealed from was discretionary, it is not essential that we should find an abuse of discretion in order to reverse. It is sufficient that we reach the conclusion that upon all the facts the defendant should have the relief he asks for. Lawson v. Hilton, 89 App.

Div. 303, 85 N. Y. Supp. 863; Schmidt v. Brennan, 156 App. Div. 881, 141 N. Y. Supp. 229.

The order must be reversed, and defendant's motion to amend and modify the decree of divorce by annulling the provisions relating to the payment of alimony granted, upon condition that the defendant return the power of attorney to plaintiff unused within 20 days, otherwise the order is affirmed, with $10 costs and disbursements. All concur.