(169 App. Div. 417)

## TAFEL v. TAFEL.

(Supreme Court, Appellate Division, Second Department. October 15, 1915.)

1. DIVORCE ⬅269—ALIMONY—CONTEMPT—DENIAL OF PRIVILEGES AS LITIGANT.

While the Supreme Court, as to a party in contempt, may stay him from progressive action until he is purged of the contempt, the rule does not extend to a husband, who, after judgment in a pending suit for separation, was in contempt for failure to pay accrued alimony therein, so as to prevent his independent statutory action for divorce upon the ground of the wife's subsequent adultery.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 756–763; Dec. Dig. ⬅269.]

2. COSTS ⬅277—PAYMENT—CONDITION PRECEDENT TO FURTHER LITIGATION.

The identity of the cause of action is essential to the application of the equitable rule designed to prevent the vexatious multiplicity of suits by which the costs of a former action must be paid before the party in default may proceed in one afterwards begun.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. ⬅277.]

Appeal from Special Term, Kings County.

Action for divorce by Charles F. Tafel against Rita Tafel. From an order staying all proceedings by plaintiff until his payment of accrued alimony, he appeals. Reversed, motion denied, and time to answer extended.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

Frank F. Davis, of New York City (Raymond D. Thurber, of New York City, on the brief), for appellant.

William E. Murphy, of New York City, for respondent.

STAPLETON, J. The action is for divorce. The parties were married within this state. The plaintiff, the husband, is a nonresident. The order under review was entered before issue was joined. It stays all proceedings of the plaintiff until the payment of $672. The amount

is the sum of the following items: $444, accrued temporary alimony directed to be paid by an order in an action for separation pending at that time between the parties; and $228, accrued alimony adjudged to be paid by the judgment in that suit. In the suit for separation the order was entered on the 9th day of February, 1914. The judgment was entered on the 9th day of December, 1914. On the 20th day of October of that year an order was entered adjudging in contempt the defendant in the action for separation for failure to pay the alimony which had theretofore accrued.

[1] The offenses charged in the case at bar are alleged to have been committed in March and April, 1915. It is settled that, when a party in contempt of the Supreme Court is seeking favor of the court in the same action in which the contempt was committed, the court may stay him from progressive action in it until he is purged of the contempt. Harney v. Harney, 110 App. Div. 20, 96 N. Y. Supp. 905; Maran v. Maran, 137 App. Div. 348, 122 N. Y. Supp. 9. We are not aware of an authority which has so expanded the rule as to include within it a stay of proceedings in an independent action purely statutory in its nature (Ackerman v. Ackerman, 200 N. Y. 72, 76, 93 N. E. 192), where the party sued is pursuing a remedy explicitly provided by law.

[2] The cases applying the equitable rule, designed to prevent the vexatious multiplicity of suits, by which the costs of a former action must be paid before the party in default may proceed in one later begun, consider the identity of the cause of action to be essential to the application of the rule. Gardenier v. Oswego M. S. & Ass'n, 17 N. Y. Supp. 394[1]; Drake v. New York Iron Mine, 71 Hun, 211, 24 N. Y. Supp. 518. However earnestly disposed we may be to preserve the dignity of the court by enforcing respect for its orders and judgments, we cannot view with composure the invocation of an equitable rule to establish a decretal immunity for adultery.

The order should be reversed, the motion should be denied, and the defendant's time to answer extended 10 days from the date of service of notice of entry of the order to be entered herein. All concur.

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 61 Hun, 626.