DONA L. STAPLES, Respondent, *v.* EDWARD P. STAPLES, Appellant.

First Department, July 6, 1923.

**Husband and wife — divorce — motion by defendant for discharge from imprisonment for failure to pay alimony and for leave to move to modify final judgment — defendant is unable to pay alimony — discharge ordered under Judiciary Law, § 775, without prejudice to plaintiff's rights — leave granted to apply for modification of final judgment.**

The defendant's motion, under section 775 of the Judiciary Law, to be discharged from imprisonment for failure to pay alimony and for leave to move to modify the final judgment of divorce by reducing the amount of alimony, should have been granted in this case, without prejudice to the plaintiff's rights, since it appears that he had been in prison for seven months when this motion was heard; that there are no children of the marriage; that the decree awarding alimony was granted on default; that the defendant has never earned enough money since the final decree was entered to pay the alimony awarded thereby, and has no means or property with which to pay the same.

APPEAL by the defendant, Edward P. Staples, from an order of the Supreme Court, made at the New York Special Term and entered

in the office of the clerk of the county of New York on the 8th day of May, 1923, denying his motion to be discharged from imprisonment for failure to pay alimony and for leave to move to modify the final judgment of divorce by reducing the amount of alimony.

*Macdonald DeWitt* [*Harry H. Van Aken* with him on the brief], for the appellant.

*Hovell, McChesney & Clarkson* [*Sidney A. Clarkson* of counsel], for the respondent.

McAvoy, J.: ·

Defendant has been continuously imprisoned in the New York county jail on Ludlow street since October 2, 1922, for failure to pay alimony to plaintiff at the rate of sixty dollars per week as directed in the final decree of divorce entered in November, 1920.

In April, 1923, when the motion was heard, he had been imprisoned for seven months. There are no children of the marriage and the decree awarding alimony was granted on default. Defendant made a motion to open his default a few days after the trial and the motion was denied.

A motion was made in February, 1921, to reduce the alimony, and an order was thereupon made reducing the alimony to twenty-five dollars a week on condition that the arrears of alimony be paid, although defendant then claimed his inability because of lack of money to meet the requirements of the former order. The alimony has since accrued at the rate of sixty dollars per week since the condition was never fulfilled. The parties were married in April, 1909, when defendant was twenty-five years of age; he was then a chauffeur. He continued in this employment until October, 1914, during which period his income or wages received amounted to the sum of one hundred and forty dollars per month. Thereafter he rented an automobile which he had purchased for one thousand dollars, and his average income was thirty-five dollars per week. In February, 1920, by reason of his engaging in the business and sale of second-hand automobiles, his salary had risen to seventy-five dollars per week. Since that time and down to the date of his imprisonment, the defendant has never earned the amount of money which was awarded in the decree of divorce as weekly alimony to the plaintiff. No motion for temporary alimony or counsel fee in this action was ever made, and there is no claim now made by plaintiff in opposition to this motion that defendant has any means or property with which to pay the alimony that has been awarded or the fines that have been imposed.

It seems to me that the defendant has proven, and the plaintiff has not controverted the essential fact, that he is without means

and unable to make the payments directed, and he, therefore, comes under section 775 of the Judiciary Law which provides: " Where an offender, imprisoned as prescribed in this article, is unable * * * to pay the sum * * * required to be paid * * * in order to entitle him to be released, the court * * * may, in its * * * discretion, and upon such terms as justice requires, make an order, directing him to be discharged from the imprisonment."

It does not seem that his continued imprisonment would be of any possible benefit to any one, and the court should not prolong the imprisonment indefinitely, merely for the sake of punishing him.

I think that the defendant should be discharged from imprisonment without prejudice to the rights of the plaintiff in this action to institute proceedings for his rearrest at any time it can be shown that he is able to pay any of the alimony which he was bound by law to discharge, and defendant should be given leave to apply to the court to modify the direction of the final judgment for divorce entered herein on November 13, 1920.

The order appealed from should, therefore, be reversed, without costs, and defendant's motion granted, without prejudice as above indicated.

CLARKE, P. J., SMITH, MERRELL and MARTIN, JJ., concur.

Order reversed, without costs, and motion granted, without prejudice as indicated in opinion.