LEAH FRIEDMAN, Appellant, *v.* ISIDORE FRIEDMAN, Respondent.

Second Department, March 26, 1926.

**Husband and wife — separation — defendant is in contempt for failure to pay temporary alimony and part of counsel fee — defendant is imprisoned and claims to be without funds — action will not be defended — plaintiff not entitled, as matter of right, to stay of trial until arrears of alimony and counsel fee are paid — trial court properly exercised its discretion by denying motion on condition that balance of counsel fee be paid.**

The plaintiff, in an action for separation, is not entitled, as a matter of right, to have the trial of the action stayed until the defendant shall have paid the arrears of temporary alimony and counsel fee. It appearing on the motion for a stay that the defendant, who is in prison for contempt based on his failure to pay

---

* Now Decedent Estate Law, § 132, as added by Laws of 1920, chap. 919.— [REP.

the temporary alimony and counsel fee, is without funds, and does not intend to defend the action, the trial court acted properly, in the exercise of its discretion, in denying the motion for a stay on condition that the defendant pay the balance of the counsel fee.

APPEAL by the plaintiff, Leah Friedman, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 6th day of January, 1926, denying plaintiff's motion to stay the trial of the action.

*Harry G. Fromberg* [*Lewis Nadel* with him on the brief], for the appellant.

*Sidney A. Clarkson,* for the respondent.

KAPPER, J. This is an action for separation. On July 7, 1925, an order directed the defendant to pay to the plaintiff $60 a week alimony, *pendente lite,* and $200 counsel fee. Defendant has been making payments in part compliance with the order which aggregate $540, but there remains due, according to the plaintiff, the sum of $700, inclusive of one-half of the counsel fee. Plaintiff noticed the cause for trial for both the October and December, 1925, terms. On December 28, 1925, the cause appeared on the reserve half of the day calendar for trial. It appeared again on the reserve half of the day calendar for January 4, 1926. On January 5, 1926, it appeared on the ready calendar for trial. On the various calendar calls plaintiff requested that the cause be marked " off " by reason of the defendant's failure to pay the alimony and the one-half unpaid counsel fee. By an order made November 19, 1925, defendant was adjudged in contempt for failure to pay arrears of alimony and counsel fee, and pursuant thereto, and on December 16, 1925, under an order and warrant of commitment, the defendant was imprisoned, and is so confined at the present time. The learned justice at Special Term for trials has denied a motion by the plaintiff to stay the trial of the action until the defendant pays the arrears of alimony and counsel fee, with the exception that he has directed the defendant to pay before the trial the balance of the counsel fee remaining unpaid. From that order plaintiff appeals, and claims to be entitled to a stay of the trial as a matter of right. The record contains what defendant has characterized as an " offer of judgment," the purport of which is that the defendant indicates that he does not intend to oppose plaintiff's right to a decree of separation. This would leave for hearing the usual proof presented upon an inquest in like actions, and the amount of alimony to be inserted in the decree, if granted. The defendant urges that he is " absolutely without property or

funds or any source of income," and asked that the Special Term for trials consider that fact together with his present i...carceration, and make a decree regarding alimony that would be in the interests of justice.

The defendant had a remedy, by application to the Special Term, for a modification of the order awarding alimony and counsel fee. But, the cause appearing on the day calendar for trial, he urged that the trial court consider the merits and make such disposition of the cause as the circumstances warranted.

The practice has ordinarily been to stay the trial of a matrimonial action until the party moving the trial had purged himself from contempt by a compliance with the order which had been disobeyed. The cases, however, do not indicate that there may not be circumstances which justify the trial court in proceeding with the trial, notwithstanding the failure to obey the order. The authorities are, in effect, that " the court *may* stay him from progressive action * * * until he is purged of the contempt." (*Tafel* v. *Tafel*, 169 App. Div. 417, 418; *Maran* v. *Maran*, 137 id. 348; *Harney* v. *Harney*, 110 id. 20; *Sibley* v. *Sibley*, 76 id. 132, 136.)

In *Staples* v. *Staples* (206 App. Div. 196) the defendant, husband, moved to be discharged from imprisonment for failure to pay alimony and for leave to move to modify a final judgment of divorce by reducing the amount of alimony. Mr. Justice McAvoy, writing for the court (p. 197), said: " It seems to me that the defendant has proven, and the plaintiff has not controverted the essential fact, that he is without means and unable to make the payments directed, and he, therefore, comes under section 775 of the Judiciary Law which provides: ' Where an offender, imprisoned as prescribed in this article, is unable * * * to pay the sum * * * required to be paid * * * in order to entitle him to be released, the court * * * may, in its * * * discretion, and upon such terms as justice requires, make an order, directing him to be discharged from the imprisonment.' It does not seem that his continued imprisonment would be of any possible benefit to any one, and the court should not prolong the imprisonment indefinitely, merely for the sake of punishing him."

The case last cited is authority for the proposition that a defendant in contempt for non-payment of alimony may be relieved from imprisonment and may also seek a modification of a final judgment so as to lessen the amount of alimony required to be paid. In so far as concerns the right of a party to move for relief, the distinction between those facts and the facts of the present case is not substantial.

There may be instances where the trial of a matrimonial action

is imperative.  If a husband, against whom an order has been made adjudging him in contempt for non-payment of alimony or counsel fee, finds that a material witness is about to depart from the State, or is in such a condition of health as to render it doubtful whether the witness will continue to live, he should not be deprived of the right to take the testimony of such witness because of his failure to comply with the order, providing the court should conclude that such failure was due to a lack of financial means.  The same or similar circumstances might render it proper to have the trial proceed to judgment.  It may be, too, where it is clear that the case is not brought on for trial in order to add to the arrears of alimony for the purpose of further embarrassing and harassing the husband, that the court should not deny the latter the right to move the action for trial.  It may be better to have the finality of judgment than the lingering doubt created by conflicting affidavits.  No hard and fast rule can be applied.  We think it a matter of sound discretion whether or not the Special Term in given circumstances ought to proceed to determine the merits of the litigation.  The discretion exercised in the present case by the learned justice at Special Term does not appear to have been improperly exercised, and we, therefore, conclude that the order denying the plaintiff's motion to stay the trial should be affirmed, without costs.

KELLY, P. J., RICH, JAYCOX and LAZANSKY, JJ., concur.

Order denying plaintiff's motion to stay trial of action affirmed, without costs.