Vera Dumproff, Plaintiff, *v.* George Dumproff, Defendant.

Supreme Court, New York County, September 15, 1930.

*Leo Fixler,* for the plaintiff.

*Reuben L. Haskell,* for the defendant.

Dunne, J. Defendant, against whom a final decree of divorce has been entered, moves here to amend such decree in respect to alimony, predicating such application upon the fact of plaintiff's remarriage. Plaintiff, by way of counter-motion, seeks to stay the defendant because of his alleged non-payment of certain sums due under the final decree and seeks also to compel defendant to pay " counsel fees for the purpose of defending all further proceedings brought by the defendant." Section 1159 of the Civil Practice Act states in part: " Where an action for divorce is brought by a wife, and a final judgment of divorce has been rendered in her favor, the court * * * on proof of the marriage of the plaintiff after such final judgment, must modify such· final judgment * * * directing payments of money for the support of the

plaintiff." It is to be noted that the court must modify the judgment, being given no discretion. The fact that the defendant has not paid in full or even in part the amount ordered, affords no bar to the application under the section quoted. The purpose of the section is to prevent a woman who had married, after obtaining a divorce, from being supported wholly or in part by her former husband. (*Skidmore* v. *Skidmore*, 160 App. Div. 594; *Mowbray* v. *Mowbray*, 136 id. 513; *Linton* v. *Hall*, 86 Misc. 560.) Plaintiff's endeavor to stay the defendant pending his payment of the alleged arrears must, therefore, fail.

Plaintiff seeks also for an order directing the defendant to pay " counsel fees for the purpose of defending all further proceedings " brought by him. This, however, must likewise be denied. An order for counsel fees must primarily rest upon the existence of the relation of husband and wife. Where a judgment of divorce has been granted, such relation is wholly severed and the case does not come within the statutory provisions relating to counsel fees nor has the court inherent jurisdiction to allow the same as an incident to its general statutory jurisdiction in matrimonial actions. (*Lake* v. *Lake*, 194 N. Y. 179; *Bishop* v. *Bishop*, 165 App. Div. 954.)

The court now comes to a consideration of the plaintiff's application. Upon her remarriage I hold that *eo instanti* the obligation to compel provision for her maintenance is shifted from the shoulders of her former spouse to him who assumes all the privileges, and, therefore, is ordinately a full measure of the duties incident to the marital state. This is as it should be. For otherwise, in a possible case *ad interim* the time of such remarriage and the application by the former husband for a modification of the final decree, the alimony paid by such former husband would not only lighten the duty of the second spouse in respect to the support of his wife, but might even be reflected, if the wife were a mere conduit, in the enhanced financial circumstances of such second husband. There could be no justice in such proposition.

The court holds, therefore, that the plaintiff is not entitled to alimony subsequently to her remarriage. An order will, therefore, be entered to the effect that the decree directing the defendant to pay twenty dollars per week for the support of the plaintiff and the two minor children is amended *nunc pro tunc* as of the time of the remarriage, to direct the defendant to pay ten dollars per week for the support of such issue until the further order of the court. In accordance with the foregoing defendant will be credited for whatever payments of twenty dollars per week he has made subsequent to the date of plaintiff's remarriage. Defendant is not advised of the true date of plaintiff's remarriage, and plaintiff

while admitting the fact of remarriage, fails, inadvertently or otherwise, to reveal the date of same. The order will, therefore, be settled on five days' notice, at which time plaintiff will file a supplemental affidavit, a copy of which will be served upon the attorney for the defendant, in which is stated the true date of the marriage. In the event that plaintiff does not elect to supply this information to the court, the final decree will be amended *nunc pro tunc* as of the time of its entry and defendant given credit for the payment heretofore made. The motion by defendant in respect to the custody of the children cannot be properly determined upon affidavits, but is rather the subject of a hearing. For that reason, the application concerning the same is respectfully referred to an official referee to hear and report. Provide accordingly in the order.