————— JACOBS, Plaintiff, v. ————— JACOBS, Defendant.

Supreme Court, Bronx County, November 12, 1930.

*Barnett Kopelman*, for the plaintiff.

*Emanuel Redfield*, for the defendant.

MULLAN, J. Upon application made *ex parte* I granted leave to move for a reargument upon the ground that the case of *Staples* v. *Staples* (206 App. Div. 196, First Dept.) had not been called to my attention. It had heretofore been the law in this department that a party in contempt can ask no favor of the court. This husband was ordered on May 2, 1928, to pay alimony *pendente lite* at the rate of twenty-five dollars per week, counsel fee being denied. At that time he was fully able to pay that sum. This is conclusively shown by his allegation in his affidavit of March 6, 1930, in which he says that he regularly paid the alimony up to March 7, 1929. Thereafter, and up to December, 1929, he paid regularly either fifteen or seventeen dollars on account. His wife did not molest him until the arrears had amounted to over

$500. His first objection to the amount of temporary alimony or its payment was on the motion to punish him. He states in an affidavit dated December 14, 1929, that his refusal so to object was deliberate. He then for the first time raised another question, i. e., that the action had not been placed on the calendar. The motion to punish was granted, with an opinion in which it is stated that the court finds that he is able to pay more than twenty-five dollars per week, for he was given the opportunity to pay the arrears at the rate of ten dollars per week, provided he also paid the current alimony. That order was entered December 28, 1929. On January 30, 1930, an order was entered declaring that he had failed to avail himself of the provisions of the order of December 28, 1929. He was imprisoned on January 23, 1930, on a warrant issued January 16, 1930. He was released at the end of six months, still in contempt, he having failed to pay any portion of the arrears for which he had been incarcerated. He again took no steps until another motion was made to punish him. When that motion came on he made a countermotion which was referred to me. The motion to punish was held in abeyance. The justice before whom that motion is pending deems it necessary as a prerequisite to punishing him to have it adjudicated whether (a) he has any property applicable to the payment of alimony while he was incarcerated, during which period he had no earning capacity, and (b) whether since December, 1929, he has had, during the time when he was not imprisoned, an earning capacity sufficient to pay the alimony accrued since the order of December 28, 1929.

While the case of *Staples* v. *Staples* (*supra*) is not on all fours with this case, it is a holding that in a proper case the court may reduce alimony despite the fact that the husband is in contempt. The utter inability of the husband to earn the amount of the alimony if diligent in seeking and keeping employment is also held to make out such a case.

On the authority of that case I shall refer the matter to an official referee to ascertain if this defendant is wholly unable to pay the current alimony by reason of inability to earn enough, and whether he has diligently sought and is seeking so to earn it. If both parties prefer, I shall await the trial of the action which is imminent. Meanwhile the order denying the motion is vacated and the motion for reargument is granted. Settle order.