ANNA B. KELLY, Plaintiff, *v.* ENOCH J. KELLY, Defendant.

Supreme Court, Chemung County, May 7, 1932.

*James O. Sebring,* for the plaintiff.

*Cola W. Lyon,* for the defendant.

PERSONIUS, J. Upon the hearing of this motion the plaintiff raised the preliminary objection that the defendant, being in contempt for non-payment of alimony, could not be heard on this motion to reduce the alimony. The matter was submitted, the preliminary objections to be first determined.

Briefly, the parties were divorced about 1922. Pending the litigation and since the entry of judgment, the defendant paid the alimony awarded until late in 1931, when, because of alleged illness, he failed to pay.

On application of the plaintiff the defendant was adjudged in contempt for failure to pay the sum of $225.

From this order the defendant appealed. Notice of appeal and

an undertaking were filed February 25, 1932. This appeal is pending.

On the same day, February 25, 1932, the defendant initiated this proceeding by order to show cause.

In other words, while concededly in arrears in the payment of the alimony adjudged by the final judgment herein, and pending the appeal from the order adjudging him in contempt therefor, the defendant seeks a reduction of the alimony. He claims that he is not in financial position to continue to pay the amount fixed.

The alimony was awarded for the care of plaintiff and two children. The defendant avers that the daughter will soon become twenty-one years of age and that the plaintiff has " recently remarried or is about to remarry." In her answering affidavits the plaintiff's remarriage on February 29, 1932, is conceded.

We are not here concerned with the merits of the defendant's application for a reduction of alimony but merely with his right to make the application while in contempt of court.

It is undoubtedly true that " a court of equity *may* refuse to a party in contempt the benefit of proceedings pending in it when asked by him as a favor until he has purged himself of contempt." (*Hovey* v. *Elliott*, 145 N. Y. 126, 138, and cases there cited.) This rule has been applied in many matrimonial actions but in most, if not all, of those called to our attention it appears that the defendant, instead of making some effort to pay, had made little or no effort, but on the contrary had absented himself from the State and the jurisdiction of the court in order to avoid such payment. (Instance, *Brinkley* v. *Brinkley*, 47 N. Y. 40, 49; *Walker* v. *Walker*, 82 id. 260; *Sibley* v. *Sibley*, 66 App. Div. 552; *Bates* v. *Bates*, 145 N. Y. Supp. 411; *Harney* v. *Harney*, 110 App. Div. 20, 21; *Gray* v. *Gray*, 162 id. 586.

*Sibley* v. *Sibley* (*supra*) was a motion to reduce alimony and the court affirmed the denial of the motion, " without prejudice, however, to the right of the appellant to renew his application when he returns to this State and subjects himself to the jurisdiction of the court."

While a court of equity has the power and *may* refuse to hear the defendant while he is in contempt, the matter is discretionary; indeed where the motion is based upon the remarriage of the plaintiff, there would seem to be some question of the power of the court to refuse to hear the motion. (Civ. Prac. Act, § 1159; *Dumproff* v. *Dumproff*, 138 Misc. 298; *Sibley* v. *Sibley*, supra, 553, 554, citing *Wetmore* v. *Wetmore*, 162 N. Y. 503, 509, 510.)

In the case at bar the defendant has not left the jurisdiction; he has remained here and paid alimony for many years. While

he is appealing from the order adjudging him in contempt, he at the same time has filed a bond to insure the payment of the back alimony and, as I understand, has paid some, if not all, of the alimony which is constantly accruing since the contempt decree. Under these circumstances, we think the defendant is entitled to be heard on this application for a reduction of the alimony awarded. (*Friedman* v. *Friedman,* 216 App. Div. 348; *Jacobs* v. *Jacobs,* 138 Misc. 590; *Staples* v. *Staples,* 206 App. Div. 196· *Holahan* v. *Holahan,* 234 id. 572, 574.)

In the *Friedman* case, after referring to the stay ordinarily imposed upon a defendant in contempt, the court said: " The cases, however, do not indicate that there may not be circumstances which justify the trial court in proceeding with the trial notwithstanding the failure to obey the order. The authorities are, in effect, that ' the court *may* stay him from progressive action * * * until he is purged of the contempt.'

" The case last cited [*Staples*] is authority for the proposition that *a defendant in contempt* for non-payment of alimony may be relieved from imprisonment and *may, also seek a modification of a final judgment so as to lessen the amount of* alimony required to be paid."

We think there is a wide distinction between the case of a defendant who has made no effort to pay, but left the jurisdiction to avoid payment, and the case at bar. Under the authorities, we think we would not be justified in refusing to hear the defendant.

When the motion was submitted, the principal argument was addressed to the right of the defendant to be heard. In order that the parties may be further heard upon the merits, the matter is continued until the Special Term at Elmira, N. Y., May 13, 1932, at ten o'clock, when they may appear and be heard further on the merits.