ETHEL M. WADDEY, Plaintiff, v. EVERETT WADDEY, JR., Defendant.

Supreme Court, Special Term, Kings County, June 8, 1938.

*William J. H. Molinari*, for the motion.

*Henry H. Shepard*, opposed.

RIEGELMANN, J. The defendant moves for a modification of the final judgment of divorce entered herein on May 25, 1928, to eliminate therefrom the provision for the payment of alimony for the support of the plaintiff. The application is made upon the claim that plaintiff is habitually living with another man and holding herself out to be his wife, although not married to him. Section 1159 of the Civil Practice Act, as amended by chapter 161 of the Laws of 1938, effective March 26, 1938, provides as follows: " Modification of judgment or order in action for divorce brought by wife. Where an action for divorce is brought by a husband or wife, and a final judgment of divorce has been rendered in favor of the wife, the court, by order upon the application of the husband on notice, and on proof of the marriage of the wife after such final judgment, must modify such final judgment and any orders made with respect thereto by annulling the provisions of such final judgment or orders, or of both, directing payments of money for the support of the wife. The court in its discretion upon application of the husband on notice, upon proof that the wife is habitually living with another man and holding herself out as his wife, although not married to such man, may modify such final judgment and any orders made with respect thereto by annulling the provisions of such final judgment or orders or of both, directing payment of money for the support of such wife."

The plaintiff denies the facts alleged by the defendant and further contends that the recent amendment has no application to her. She contends that the judgment herein having been entered in 1928, may not be modified in accordance with the recent amendment of section 1159.

Heretofore hearing was held upon a similar application of the husband, at which time the defendant submitted evidence to the effect that plaintiff was living with another man and holding herself out to be his wife. The referee decided that the defendant was not entitled to the relief sought because of existing authorities holding that immoral conduct after divorce was insufficient to authorize vacating a provision for alimony in a final judgment. This report was confirmed by the court on March 13, 1937. This report and confirmation was undoubtedly based largely upon the principle enunciated in *Hayes* v. *Hayes* (220 N. Y. 596). The rule laid down in *Hayes* v. *Hayes* continued to be the law of this State up to the date of the enactment of the amendment to section 1159 of the Civil Practice Act. The court is, therefore, of the opinion that proof of the improper conduct of the wife prior to March 26, 1938, the effective date of the amendment, would be insufficient to authorize the relief sought. In the absence of specific intent to the contrary, a legislative enactment has no retroactive effect.

The court, however, is unable to agree with plaintiff's contention that the statute can have no effect upon her right to alimony accruing after the effective date thereof. The jurisdiction of the courts of this State to entertain actions for divorce is conferred wholly by statute and their powers are confined to such as are expressed or as may be incidental to the exercise of the jurisdiction conferred. (*Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456.)

When the final judgment of divorce was granted herein on May 25, 1928, the court was then, as now, empowered by section 1170 of the Civil Practice Act to modify the final judgment by annulling, varying or modifying the provisions as to alimony therein contained.

The case of *Skidmore* v. *Skidmore* (160 App. Div. 594), decided in 1914 by the Appellate Division of this Department, seems directly in point. There a decree of divorce was entered on March 13, 1899, directing the defendant to pay alimony, and on June 3, 1903, plaintiff remarried. In 1904 the law was amended by making it mandatory upon the court upon proof of remarriage, to annul the provisions of the judgment so far as they direct the payment of alimony for the support of the wife (now section 1159 of the Civil Practice Act). The court had power at that time pursuant to section 1771 of the Code of Civil Procedure (now section 1170 of the Civil Practice Act) to annul, vary or modify provisions as to alimony. In that case the court said (p. 595): " The purpose of the amendment of 1904 was to prevent a woman who had married after obtaining a judgment of divorce being supported in whole or in part by her former husband, and the court in the exercise of its discretion should apply the legislative intent to final judgments of divorce granted prior to 1904."

When this case was considered the Appellate Division had before it the decisions in *Walker* v. *Walker* (155 N. Y. 77) and *Livingston* v. *Livingston* (173 id. 377), upon which plaintiff relies as authority for the proposition that the application to her of the new amendment would be unconstitutional as interfering with her vested rights. While a final judgment of divorce is a vested right, the judgment herein was granted subject to the then existing right of the court at any time subsequent thereto to annul, vary or modify the directions as to alimony therein contained.

Accordingly, the matter is referred to an official referee to hear and report as to whether or not the plaintiff was, since March 26, 1938, habitually living with another man and holding herself out as his wife although not married to such man.

Settle order on notice.