approved by the surrogate who has the power to prescribe a method, other than personally, of service on the executor; except Dowling, J., who dissents and votes for reversal and for granting the motion, on the ground that the executor, under the facts, was without power to waive personal service of the notice of election to the detriment of the legatees named in the will. (The order denies a motion by the executor to dismiss a petition to determine the validity of a notice of election.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

FRED SPENCER, Respondent, v. SOTYRIS SAM PETERS, Appellant.— Order affirmed, without costs of this appeal to either party. All concur. (The order sets aside the verdict of the jury in favor of defendant and grants a new trial, in an automobile negligence action.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

HAZEL SPENCER, Respondent, v. SOTYRIS SAM PETERS, Appellant.— Order affirmed, without costs of this appeal to either party. All concur. (The order sets aside the verdict of the jury in favor of defendant and grants a new trial, in an automobile negligence action.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

## (October 2, 1941.)

ELIZABETH M. GEHRING, Appellant, Respondent, v. WILLIAM GEHRING, Respondent, Appellant.— Order denying plaintiff's motion for entry of judgment for accrued alimony reversed on the law and facts as a matter of discretion and motion granted so as to allow plaintiff to enter judgment for alimony accruing after April 4, 1940, without costs of this appeal to either party. Order denying defendant's cross-motion to strike from the decree the provision for the payment of alimony affirmed, without costs of this appeal to either party. Memorandum: While the release was void, the parties treated it as valid and relied on it for some years following its execution. The court found that the plaintiff made demand for payment of alimony following the date of the release. When the demand was made does not appear. While the plaintiff was entitled to have judgment in some amount (Hayes v. Hayes, 220 N. Y. 596; Waddey v. Waddey, 168 Misc. 904; affd., 259 App. Div. 852; Durlacher v. Durlacher, 173 Misc. 329), she was, under the peculiar facts of this case, not entitled, as a matter of equity, to have judgment for the full amount of the unpaid alimony. Her right to have judgment should be limited to the time after which she clearly and definitely repudiated the release and demanded of the defendant that he resume payment of the alimony awarded by the decree. That date is April 4, 1940. The order denying plaintiff's motion should be reversed on the law and the facts, and as a matter of discretion. The plaintiff should have leave to docket judgment against the defendant for alimony accruing since April 4, 1940, to and including the date of the entry of the order of this court. The order denying the defendant's motion to strike from the judgment of separation the provision for alimony should be affirmed. All concur. (One order confirms the report of the official referee and denies plaintiff's motion for entry of judgment for accrued alimony and the other order denies a cross-motion to strike from the decree of separation the provision for the payment of alimony.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ. [175 Misc. 493.]