Dorothy F. Block, Respondent, *v.* Jack L. Block, Appellant.

First Department, May 21, 1957.

*Emanuel Baetich* of counsel (*William Weisman,* attorney), for appellant.

*Daniel M. Shientag* of counsel (*Goldman & Drazen,* attorneys), for respondent.

*Per Curiam.* In this separation action, we have both parties professing a desire for a prompt trial, but upon terms. Plaintiff wife does not wish to go to trial unless all accrued alimony is paid. Defendant husband would go to trial without paying all of the alimony he is directed to pay.

The net result is that almost two months have passed since these parties might have had their trial and all of the issues presently before the courts would have been resolved. Instead, we have an appeal to this court by the defendant from an order of Special Term staying the trial of the action for nonpayment of accrued arrears of temporary alimony. In addition, we have a motion by way of an order to show cause to stay the argument of this appeal pending the decision of another motion by plaintiff to dismiss the defendant's appeal because of defendant's failure to include the papers in his appeal required by rule 234 of the Rules of Civil Practice.

Preceding this, in addition to the order staying trial, the subject of this appeal and the orders for alimony, counsel fees and bill of particulars, we have had in Special Term, Part XII,

a motion for sequestration and appointment of a receiver because of defendant's failure to pay alimony and a cross motion by defendant to reduce temporary alimony, a referral of both motions to the trial court, an application by plaintiff for reargument of this disposition, which was granted and the referral recalled and the motion to sequester denied, and the motion for a reduction of alimony referred to an Official Referee. All of these applications were avowedly in the interests of a speedy trial to dispose of the issues on the merits. On this state of the case, it would appear that the parties are more concerned with harassing each other than they are with an immediate disposition on the merits.

One purpose of motion practice is to help clarify issues so as to expedite the trial of the action. When they are used to beleaguer the opposition, the ends of justice are defeated and such practice should be discouraged.

As the matter presently stands, the trial of the action has been stayed until defendant makes payment of arrears in temporary alimony that accrued prior to the return date of the application to modify temporary alimony. The latter application has been referred to an Official Referee and final disposition held in abeyance pending the report of the Referee. There is a further provision that if the stay be vacated before the Referee's hearing, either party may apply for the referral of this motion to the Trial Justice.

The right of a wife to a stay of trial because of nonpayment of an award of alimony is not absolute (*Friedman* v. *Friedman,* 216 App. Div. 348). It is discretionary with Special Term and, except in extraordinary circumstances, we will not interfere with the exercise of such discretion. This does not mean that this court looks with disfavor on the granting of such stays. Indeed, such sanction may well be the most effective and expeditious way to bring a husband to face up to his obligation as the court determines it and which presumably meets the urgent needs of a wife and family. There is nothing in our decision in *Barnes* v. *Barnes* (3 A D 2d 242) that holds otherwise. We had before us there an order that directed the payment of temporary alimony with a provision that it might be subject to a retroactive increase by the trial court. We held that temporary alimony did not control the award of permanent alimony. That it was an award for a temporary period to provide a wife with support pending final decision of the issues of the marital rights and that " except in very unusual circumstances which might conceivably justify postponing until the trial the determination or modification of temporary

alimony, the award of temporary alimony should definitively be made on the application for temporary alimony and should not be subject to change by direction after trial.''

The situation that existed in the *Barnes* case is not present here. In this case, because of the imminence of trial and the claims of the defendant that he was unable to pay the full amount of the temporary award, the court referred the application for nonpayment to the Trial Judge. This was not done, however, until the defendant, acting on the suggestion of the court, paid $150 on account of accrued alimony and the balance of the counsel fee of $625. The court stated in its opinion that this removed any element of urgency. These payments were accepted by the plaintiff who then moved to reargue after the court had referred the application to modify to the Trial Justice.

Having made these payments as a condition to proceeding to an immediate trial of the issues and the court, at that point, having denied plaintiff's request for a stay, we feel that under the circumstances the subsequent change of mind on the part of the court for the reasons assigned was an improper exercise of discretion. The cross motion for reduction of alimony can and should be decided on the papers before the court. This should be done as expeditiously as possible in view of our direction for an immediate trial.

Accordingly, the order granting the stay should be reversed and the case directed to be placed on the trial calendar for immediate trial.

BREITEL, J. P., RABIN, FRANK, VALENTE and McNALLY, JJ., concur.

Order, granting stay, unanimously reversed, the motion granted and the case is directed to be placed on the trial calendar for immediate trial. Settle order on notice.