Mario Pittoni, J.
The plaintiff wife’s motion to punish the defendant husband for contempt of court for failure to make payments pursuant to a final judgment of divorce, is denied. The defendant husband’s cross motion to modify the final judgment by annulling the provision directing payments of alimony, is granted.
The facts are undisputed. On September 25, 1952, the parties entered into a separation agreement which provided that the ‘ ‘ Husband shall pay to the Wife * * * for alimony * * * $25.00 per week, which payments shall not cease upon her remarriage, and are to continue during the lifetime of the Wife,” and that “ this agreement may be made a part of the record of the divorce proceedings ’ ’ and ‘1 shall bind the parties hereto, their respective heirs, executors, administrators and . assigns.”
A judgment of divorce, which became final March 11, 1953, provided “ that the agreement entered into between the parties hereto on September 25, 1952 # * # be made a part of the judgment * * * and all payments of alimony thereunder are to be made * * * to plaintiff ”. On March 21,1953, the wife married her present husband.
The uncontroverted schedule of payments shows that the defendant husband has, since the date of the judgment, made payments totalling $1,034, and is now allegedly in arrears in the amount of $12,141.
Section 1172-c of the Civil Practice Act states in part that: “ Where * * * a final judgment of divorce has been rendered in favor of the wife * * * the court, by order upon the application of the husband on notice, and on proof of the marriage of the wife after such final judgment, must modify such final judgment * * * by annulling the provisions of such final judgment * * * directing payments of money for the support of the wife.” (Emphasis supplied.)
It is clear, therefore, that where a former wife has remarried and the former husband applies for modification of the judgment’s support provision, the court has no discretion, and “ must modify” the judgment by eliminating the support provisions. (Schley v. Andrews, 225 N. Y. 110, 114.) The public policy underlying the statute is that a wife who has a present husband should be supported by him, and not by a man from whom she has been divorced. (Kirkbride v. Van Note, 275 N. Y. 244, 249; Schley v. Andrews, 225 N. Y. 110,114, supra; Skidmore v. Skidmore, 160 App. Div. 594; Dumproff v. Dumproff, 138 Misc. 298.)
An outstanding separation agreement does not change the inflo (Severance v. Severance, 235 App. Div. 799, mod. 260 N. Y. *219 432); nor does the former husband’s alimony arrearage affect his right to apply for nullification of the alimony provisions in the divorce judgment, upon his former wife’s remarriage (Mowbray v. Mowbray, 136 App. Div. 513; Dumproff v. Dumproff, 138 Misc. 298); nor that he is in contempt (Kelly v. Kelly, 144 Misc. 302). He is entitled to have the judgment modified “ nunc pro tunc ” as of the date of the wife’s remarriage (Kirkbride v. Van Note, 275 N. Y. 244, supra; Dumproff v. Dumproff, 138 Misc. 298, supra).
As for the default in payments of alimony prior to the remarriage of the plaintiff wife, the husband is entitled to credit for payments made after the remarriage (Dumproff v. Dumproff, 138 Misc. 298, 300). An examination of the schedule of alimony payments shows that as of the date of the remarriage the defendant husband was $550 in arrears. It also shows, however, that after the remarriage he paid $934 to his wife. He is entitled to offset the arrears with these later payments.
It is unnecessary to express any opinion regarding the rights of the parties under the separation agreement dated September 25, 1952 (see Severance v. Severance, 260 N. Y. 432, 434; Gush v. Gush, 9 AD 2d 815).
The motion to punish, therefore, is denied and the cross motion to modify the final judgment is granted. The provision of the final judgment of divorce ‘1 directing payments of money for the support of the wife ” (Civ. Prac. Act, § 1172-c) is stricken nunc pro tunc as of March 21,1953.