(110 App. Div. 20)

### HARNEY v. HARNEY.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

DIVORCE—STAYING DEFENDANT—DISOBEDIENCE OF ORDER.

　　Defendant in a divorce, having willfully disobeyed an order, made on his written consent, for payment of counsel fee and alimony pendente lite, may not, though without the state, complain of the court staying him from moving the case for trial till he obeys the order.

　　[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, § 738.]

Appeal from Special Term, Kings County.

Action by Jennie Angeline Harney against William Hyer Harney. From an order, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Gerard Roberts, for appellant.

Joseph W. Middlebrook, for respondent.

JENKS, J. The action is for an absolute divorce. Issue was joined. An order was entered on November 19, 1904, upon the written stipulation of the defendant and his attorney, affording a counsel fee and alimony pendente lite and for a reference. The order was served upon the defendant personally in this state. The defendant never paid the counsel fee, and quit payments of alimony after a short time. The plaintiff then moved to punish him for contempt, to stay him until he complied with the order, and for such other relief as might be just, equitable, and proper. The Special Term denied the motion based upon the contempt for want of jurisdiction, but stayed the defendant from moving the trial until he complied with the order for counsel fee and alimony. The order was based upon the ground that the defendant "is absent from the state and seeking to avoid service of process or order in this action." This appeal is

from an order refusing to vacate that part of the order granting the stay.

The defendant stopped payments of alimony in December, 1904. In May, 1905, he moved to vacate the order for counsel fee and alimony, because it was not filed in the proper county; but the court ordered the clerk of the proper county to receive nunc pro tunc the order and the stipulation upon which it was based. The order and stipulation were then duly filed, and notice thereof given to the attorney for the defendant. Thereafter, on June 22, 1905, the defendant was served personally in Jersey City with the original order and the order of correction, attached to a demand for counsel fee and the arrears of alimony, with notice of a motion to punish him for contempt, and a verbal demand was made also upon him. Service of similar papers was made also upon his attorneys in the city of New York. On June 28, 1905, both the defendant in Jersey City and his attorneys in New York were served with the order to show cause and the moving papers, which, afterwards coming on to be heard, finally resulted in the order appealed from.

I am of opinion that the court had the power to grant this stay, and that it was duly exercised in this case. In Carter v. Hodge, 150 N. Y. 532, 537, 44 N. E. 1101, 1102, the court, per Andrews, Ch. J., say:

"While a stay of proceedings in an ordinary action is in some sense an injunction order, the power to grant such a stay is not given by the provisions of the title relating to injunctions, but by distinct statutory provisions, or the practice of the court, where the procedure has not been otherwise prescribed."

In the Encyclopædia of Pleading and Practice (volume 15, p. 360) it is said:

"Orders of court may be enforced by entering a nonsuit or a default against the disobedient party, or by denying him the privilege of appearing or moving in the suit until the order is complied with."

In Gross v. Clark, 87 N. Y. 272, Earl, J., speaks of the power to stay proceedings until an order is obeyed as "one of the inherent and common-law powers of the court, necessary and proper in the exercise of its jurisdiction, and it has not been taken away or superseded by any provision of the Code." In Hovey v. Elliott, 145 N. Y. 126, 138, 39 N. E. 841, 843, 39 L. R. A. 449, the court, per Haight, J., say:

"It may be that the cases above referred to are not in strict accord with the rule recognized in this state in which a court of equity may refuse to a party in contempt the benefit of proceedings pending in it, when asked by him as a favor, until he has purged himself of his contempt. Brinkley v. Brinkley, 47 N. Y. 40; Walker v. Walker, 82 N. Y. 260; Gross v. Clark, 87 N. Y. 272. But in this state the Supreme Court on its equity side is invested by the Constitution with all the power and authority that formally existed in the High Court of Chancery in England; the common law remaining in force, excepting so far as it has been changed by statute. The Legislature in this state, therefore, may not be able to limit or deprive the Supreme Court of any of its jurisdiction or powers."

Zimmerman v. Zimmerman (Sup.) 14 N. Y. Supp. 444, and Rochester Lamp Co. v. Brigham, 1 App. Div. 490, 37 N. Y. Supp. 402, are authorities for the proposition that under the circumstances the

order to show cause was properly served on the defendant. In Knott v. Knott, 6 App. Div. 589, 39 N. Y. Supp. 804, it is held that the defendant, who had notice of the motion for alimony and fee, who therefore appeared before the referee and contested it, and who appeared before the court when the final order therefor was made, but who then left the state, so that the order was not served upon him, was, nevertheless, in contempt, and that his order could be stricken out, but not his appearance. The case at bar is stronger, in that the order for counsel fee and alimony was entered upon the written stipulation of the defendant and his attorney, and, as originally entered, it was served upon him personally in the state, and that order and the order nunc pro tunc were served upon him personally in the state of New Jersey. In Davis v. Davis, 83 Hun, 500, 32 N. Y. Supp. 10, the defendant, after joining issue, left the state to avoid service of the order for alimony and counsel fee, but was served therewith in the state of Massachusetts; and the court held, in exception to the general rule, that it could punish for a contempt. See, too, Nichols' New York Practice, vol. 1, 334, 335. Since Hovey v. Elliott, 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215, the courts have no power to strike out an answer in such a case by way of punishment, but that judgment does not affect the principle that the courts may stay the defendant from any affirmative progressive action, like unto that of moving the case for trial. The question presented by this appeal is, not whether the defendant may be punished for a contempt, but whether the defendant, with full knowledge of an order of the court and of its terms, made upon his own written consent, who willfully disobeys the order, can complain if the court denies him the right during such disobedience to move affirmatively in the action in which the order was made. The element of "contempt" in the case is the contempt into which the court would put itself if it permitted one to act affirmatively in a suit while he was a disobedient suitor.

I think that the order must be affirmed, with $10 costs and disbursements. All concur.