### FENNESSY v. FENNESSY.

(Supreme Court, Appellate Division, First Department.  February 9, 1906.)

TRIAL—CALENDARS—PREFERRED CAUSES.

 Under Code Civ. Proc. § 791, subd. 13, authorizing a preference in the trial of an action for divorce when temporary alimony has been allowed, such preference should not be granted to the husband in an action for divorce brought by him, until he complies with the order of court requiring the payment of counsel fees and alimony.

Appeal from Special Term, New York County.

Action by Charles E. Fennessy against Gertrude Victoria Fennessy. From an order granting a motion for a preference, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Alfred Beekmann, for appellant.

MacDonald De Witt, for respondent.

LAUGHLIN, J.  This is an action for divorce.  On the 11th day of December, 1905, the court, on the application of the defendant, made an order requiring the plaintiff to pay $100 counsel fee and $10 per week alimony until the further order of the court.  The motion for a preference was based on subdivision 13 of section 791 of the Code of Civil Procedure, which authorizes a preference in an action for divorce when temporary alimony has been allowed.  The opposing affidavits show the order of the court, which was duly served on the attorney on the 12th day of December, but could not be served on plaintiff personally, owing to his absence from the state, requiring the payment of counsel fees and alimony, has not been complied with. The preference was designed for the protection of husbands paying counsel fees or alimony by affording them a speedy trial of the issues, to the end that, if innocent, they might be soon relieved from the order. This husband is attempting to take advantage of it to avoid the payment of counsel fees and alimony.  He should not be heard on any proceeding in the action instituted by himself until he complies with the order of the court requiring the payment of counsel fees and alimony; but, of course, he has a constitutional right to be heard on any affirmative steps taken by the defendant.  Sibley v. Sibley, 76 App. Div. 132, 78 N. Y. Supp. 743.  When a counsel fee is awarded in this class of cases, the wife is entitled to have it paid a reasonable time before the trial, to the end that she may have her case properly prepared.  We are of opinion that for that reason the motion should have been denied.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.  All concur.