(162 App. Div. 586)

### GRAY v. GRAY. (No. 5891.)

(Supreme Court, Appellate Division, First Department. May 29, 1914.)

1. DIVORCE (§ 262*)—DISMISSAL OF APPEAL—DEFAULT IN PAYING ALIMONY.

A husband filed an action for divorce, in which the wife denied the misconduct charged against her and filed a counterclaim for divorce against the husband. Before the trial the court ordered the husband to pay the wife counsel fees and alimony pending the action, but the husband made none of the payments ordered. At the trial the jury found both parties not guilty. Thereafter, and while still in default for nonpayment of counsel fees and alimony, the husband filed a motion for judgment on the verdict dismissing the action, which was granted, but the judgment was irregular because it contained no reference to the plaintiff's motion for judgment. Thereupon defendant moved to resettle and modify the decision and judgment, and the court entered an order correcting the erroneous recitals, and also a separate order granting the husband's motion for leave to enter judgment. From the latter order the wife appealed, and the case was brought on for argument before the Appellate Division without any motion for the dismissal of appeal having been filed. *Held*, that since the purpose of entering the order from which the appeal was taken was to give the Appellate Division an opportunity to pass upon the wife's right to a stay of the entry of judgment, the appeal will, under the circumstances, be entertained.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 738; Dec. Dig. § 262.*]

2. DIVORCE (§ 262*)—CONTEMPT—PUNISHMENT—DENIAL OF RIGHTS AS LITIGANT.

The husband, being in contempt of court, although he had not been formally adjudged guilty, while he could be heard in defense to any step taken in the action, could not take an affirmative step, and was therefore not entitled to have the judgment entered.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 738; Dec. Dig. § 262.*]

3. DIVORCE (§ 262*)—CONTEMPT—PUNISHMENT—DENIAL OF RIGHTS—WAIVER BY ADVERSE PARTY.

The fact that the wife, although her husband was in contempt, consented to the trial whereby her character was vindicated does not constitute a waiver of her right to object to the entry of the judgment so long as the husband remained in contempt.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 738; Dec. Dig. § 262.*]

Appeal from Special Term, New York County.

Action for divorce by John B. Gray against Justine S. Gray. From an order granting plaintiff's motion for the entry of judgment on the verdict, the defendant appeals. Reversed, and motion denied.

See, also, 160 App. Div. 932, 145 N. Y. Supp. 1125.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,. SCOTT, and DOWLING, JJ.

Evan Shelby, of New York City, for appellant.
John J. Curtin, of New York City, for respondent.

LAUGHLIN, J. This is an action for a divorce. The defendant denied the charges of misconduct against her and counterclaimed for a divorce. The issues with respect to the adultery charged in the complaint and in the counterclaim were framed and tried in Part 2 of the Trial Term on the 9th day of December, 1913, and resulted in all of the charges being answered in the negative by a verdict directed by the court. On the 9th of July, 1913, the court ordered the plaintiff to pay the defendant $1,500 for counsel fees and $250 per month pending the action, and the order was duly personally served on him on the 18th day of the same month. The plaintiff failed to pay the counsel fees and alimony, and on the 9th of January, 1914, an order was entered sequestering his property and appointing a receiver, who qualified, but was unable to collect any part of the amount so ordered to be paid by the plaintiff. Plaintiff appealed from the order for sequestration and appointing a receiver; but the order was affirmed by this court on the 30th of January, 1913. After the trial of the framed issues and on the 6th day of February, 1914, this cause appeared on the call calendar by its special term calendar number and was ordered onto the day calendar for February 13, 1914, whereupon defendant presented proof by affidavit tending to show that plaintiff was in contempt for failure to pay counsel fees and accrued alimony amounting to $3,270, and had left the jurisdiction of the court and transferred his business and property to avoid the process of the court, and, according to an affidavit made by the attorney for the defendant, the cause was ordered to the call calendar for February 27th, to afford plaintiff an opportunity to purge himself of his contempt, and on the last-mentioned day it appeared on the calendar, and was ordered to the day calendar for March 9, 1914. On the 28th of February, 1914, plaintiff served a notice of motion returnable March 5, 1914, at Special Term, Part 3, for judgment dismissing the complaint and counterclaim on the verdict on the issues arising thereon, and the motion came on for argument on the 9th of March. We are informed, not by the record, but by a stipulation of the attorneys for the parties, that the justice before whom the motion was argued, signed a decision and judgment on the 16th of March, reciting that the cause had regularly come on for trial before another justice at Special Term, Part 3, and dismissing the complaint and counterclaim, but containing no reference to said motion for judgment, and that thereupon defendant moved to resettle and modify the decision and judgment, and that upon the hearing of that motion the court handed down a memorandum to the effect that an order might be submitted correcting the erroneous recitals in the judgment and also a *separate order,* granting the motion for leave to enter judgment, and reciting the papers upon which it was made. The purpose of granting and entering the order from which the defendant has appealed was to

have the Appellate Division pass upon her right to a stay of the trial at Special Term and entry of judgment.

[1, 2] Counsel for the respondent contends that the order was unnecessary to authorize the entry of judgment, and that, therefore, the appeal should be dismissed. The appeal has been regularly brought on for argument without any motion to dismiss it, and in the circumstances we think it should be entertained, as evidently the learned justice presiding at Special Term contemplated withholding the entry of the judgment as resettled pending the appeal, or vacating the judgment in the event that this court should decide that the plaintiff is not now entitled to have judgment entered. It appears that the alimony and counsel fees due and unpaid at the time the plaintiff moved for the entry of judgment amounted to $3,270. The purpose of the plaintiff in applying for the judgment manifestly is to avoid his liability for this alimony and counsel fees, under the recent decision of the Court of Appeals in Hayes v. Hayes, 208 N. Y. 600, 102 N. E. 1104. The defendant showed, by her own affidavit submitted in opposition to the motion, among other things, that since commencing this action the plaintiff has boasted to her that he would never pay her alimony, and would give up his business and transfer all of his property and leave the country "before he would pay her any alimony"; that the day after the decision of the court sequestering his property and appointing a receiver he moved from the apartment which he theretofore occupied and maintained on Riverside Drive, borough of Manhattan, N. Y., and stored his household furniture and furnishings in a storage warehouse in Brooklyn under the name of his partner, and transferred the title to the three automobiles which he had theretofore maintained to the names of others, and had one of them repainted with a view to concealing its identity, and sent two of them out of the state and took the other with him to Philadelphia, Pa., where he has taken up his residence, and that he "has left the jurisdiction of the court to avoid supporting your deponent." These charges are not denied.

The defendant was entitled to a stay of plaintiff's proceedings for the nonpayment of costs; but there is a question as to whether or not she has not waived her right to a stay on that ground, and we do not deem it necessary to decide that point. Although the plaintiff has not been formally adjudged guilty of contempt of court, it is manifest that he is in contempt of court, and it is a reasonable inference that he has fled the jurisdiction of the court. In such circumstances he is, of course, entitled to be heard in his defense on any motion made or step that may be taken in the action, but he is not entitled to make any affirmative move or to take any step in his own right (Fennessy v. Fennessy, 111 App. Div. 181, 97 N. Y. Supp. 602; Harney v. Harney, 110 App. Div. 20, 96 N. Y. Supp. 905), and he should not be permitted to enter judgment upon the verdict of the jury until he has paid the counsel fees and accrued alimony.

[3] It is contended that the appellant waived her right to object to the entry of judgment by consenting to the trial of the framed issues. We are not now dealing with the question arising under section 779 of the Code of Civil Procedure, where the rule is technical with re-

spect to the waiver of a stay for the nonpayment of costs, but with the broad power of the court in the interest of justice to withhold its aid to a party who has failed to comply with its order and decree. The defendant rested under the charges of misconduct made against her by her husband. She was at liberty to proceed with the trial of the issues to vindicate her character without having that taken as a consent on her part that her husband might, on the verdict of the jury vindicating her, enter a final judgment which would deprive her of the rights conferred by the prior orders of the court.

We are of opinion, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, but with leave to plaintiff to renew on payment of the counsel fees and all accrued alimony. All concur.

