JOSEPH NAVEJA, Plaintiff, *v.* DOLORES NAVEJA, Defendant.

(Supreme Court, Queens Special Term for Motions, February, 1920.)

Divorce — action for — alimony — what sufficient basis to stay all proceedings — pleading.

> While failure to pay alimony and counsel fees in an action for divorce may be a sufficient basis to stay all proceedings on the part of the plaintiff, it is not a legal ground for striking out his complaint.

MOTION to strike out the complaint in an action for divorce.

Supreme Court, February, 1920.        [Vol. 110.

Charles Brandt, Jr., for motion.

Charles Pearle, opposed.

CROPSEY, J.    Prior to the decision of the Supreme
Court of the United States in *Hovey* v. *Elliott,* 167
U. S. 409, it had been held by the courts of this state
that in an equity action a pleading of a party who had
been adjudged guilty of contempt in failing to obey
the mandate of the court might be stricken out.
*Walker* v. *Walker,* 82 N. Y. 262; *Brisbane* v. *Brisbane,*
34 Hun, 339; *Quigley* v. *Quigley,* 45 id. 24; *Gray* v.
*Gray,* 84 id. 347; *Knott* v. *Knott,* 6 App. Div. 590.    The
United States decision held to the contrary and since
its rendition it has been followed in *Sibley* v. *Sibley,*
76 App. Div. 132, and *Harney* v. *Harney,* 110 id. 20.
Since the *Hovey* decision the Court of Appeals of this
state held to the contrary.    *Devlin* v. *Hinman,* 161
N. Y. 115.    But the court did not refer to the *Hovey*
decision and as the *Devlin* case was decided shortly
after the *Hovey* case it may be that the *Hovey* decision
was not before the Court of Appeals.    In view of this
fact and the decisions in the Appellate Division, above
cited, it is felt that the decision in the United States
court should be followed.

In a later case the Supreme Court of the United
States distinguished the *Hovey* case.    In that later
case it was held that where the contempt consisted in
the withholding of evidence essential to the opposing
party's case the pleading of the party thus in con-
tempt might be stricken out.    *Hammond Packing Co.*
v. *Arkansas,* 212 U. S. 322, 349–353.

The present case being a motion to strike out plain-
tiff's complaint in a divorce action for failure to pay
the alimony and counsel fee awarded to the defendant
clearly comes within the decision in the *Hovey* case

and so it must be denied. The plaintiff's failure to obey the order of the court may be a sufficient basis to stay all his proceedings in the action even though it be not a ground for striking out his pleading. *Harney* v. *Harney,* 110 App. Div. 20; *Tafel* v. *Tafel,* 169 id. 417.

Ordered accordingly.