## EMMA S. PETERSON v. HERMAN P. PETERSON.[1]

December 16, 1927.

No. 26,360.

**Litigant not to be denied right to defend action in divorce because he is in contempt in failing to pay alimony.**

1. Although a defendant in a divorce suit may be in contempt of court in failing to obey an order for the payment of temporary alimony to the plaintiff, the court cannot, for this cause, deprive him of the right of defense.

**Judgment for alimony not sustained by evidence.**

2. Evidence as to alimony allowed not sufficient to warrant judgment entered.

Divorce, 19 C. J. p. 266 n. 81; p. 322 n. 51.

Defendant appealed from a judgment of the district court for Hennepin county, Salmon, J. granting plaintiff an absolute divorce, permanent alimony, and the care of their minor child. Reversed and new trial granted.

*Grimes & Maxwell,* for appellant.

*Olof L. Bruce,* for respondent.

QUINN, J.

Action for a divorce upon the grounds stated in the complaint. Defendant answered denying the allegations of the complaint and asking for a divorce from plaintiff upon the ground of cruel and inhuman treatment. Subsequently an order was made requiring defendant to pay certain temporary alimony and suit money. Defendant failed to comply with the order and such proceedings followed that he was adjudged in contempt of court and sentenced to the county jail for a term of 60 days. When the case came on for trial, plaintiff objected to the defendant's participating therein because of his default in complying with the order of the court or giving any excuse for such failure.

[1]Reported in 216 N. W. 940.

The only punishment which the court could impose upon the defendant in the contempt proceeding under G. S. 1923, § 9794, was a fine or imprisonment. He had been summoned into court to answer the complaint. For such purpose he was entitled to his day in court. A litigant may not be denied his day in court as punishment for failure to pay alimony. 2 Schouler, Marriage, Divorce (6 ed.) § 1857; Hovey v. Elliott, 167 U. S. 409, 17 S. Ct. 841, 42 L. ed. 215; Naveja v. Naveja, 110 Misc. 279, 179 N. Y. S. 881; Gordon v. Gordon, 141 Ill. 160, 30 N. E. 466, 21 L. R. A. 387, 33 A. S. R. 294; McMakin v. McMakin, 68 Mo. App. 57. When a court has once imposed full punishment for an offense, it cannot again impose an additional penalty for the same offense. Foley v. Foley, 120 Cal. 33, 52 P. 122, 65 A. S. R. 147.

The defendant had a right to appear and cross-examine the plaintiff and her witnesses. He also had a right to be heard upon the amount and value of his property as bearing upon the question of alimony to be allowed. He was denied these rights, which entitles him to a new trial. It is clear from the settled case that the evidence in support of the amount of alimony allowed is insufficient to warrant the judgment as entered. It follows that the judgment must be set aside and a new trial granted.

Reversed.