FANNIE BERNSTEIN, Plaintiff, v. SAMUEL BERNSTEIN, Defendant.

Supreme Court, Bronx County, May 20, 1931.

*Oscar Marks*, for the plaintiff.

*Emanuel M. Ostrow*, for the defendant.

HAMMER, J. By order of this court dated and entered April 29, 1931, it has been adjudicated " that defendant has never been served with any papers as required by law to bring him into contempt."

This order was entered upon the granting on April 20, 1931, of the motion of April 6, 1931, to vacate and set aside a previous order which adjudged the defendant guilty of contempt for failure to pay alimony *pendente lite* awarded herein by order entered October 10, 1930.

This motion, brought by order to show cause dated April 23, 1931 — returnable April 27, 1931 — is to stay the trial of the action " for failure of the defendant to pay alimony and counsel fee as provided by said order " of October 10, 1930.

The cause was noticed for trial by the defendant. On April 14,

1931, it appeared on the day calendar, and upon plaintiff's application was adjourned " pending a motion staying the trial until defendant would make payment as provided by the order " of October 10, 1930.

The defendant urges that this is an attempt by the plaintiff to obtain in another form the relief which she failed to procure in her motion to punish for contempt, and that service upon him of a copy of the alimony order is essential to give the court jurisdiction under the Judiciary Law and necessary for the exercise of the court's equitable power. These contentions are without merit.

In *Knott* v. *Knott* (6 App. Div. 589) it was held that the court had power to strike out the defendant's answer (citing *Quigley* v. *Quigley*, 45 Hun, 24; *Walker* v. *Walker*, 82 N. Y. 261; *Brisbane* v. *Brisbane*, 5 Civ. Proc. Rep. 352) where the defendant was not served with the order directing the payment of alimony and counsel fee. As in that case, the defendant here does not deny that he had notice of the order and knew of its contents.

In referring to sequestration proceedings instituted and the appointment of a receiver therein, the court stated: " and that those proceedings have been ineffectual is no reason why any other proceedings should not be taken against the defendant to compel him to comply with the order of the court."

In *Brisbane* v. *Brisbane* (5 Civ. Proc. Rep. 352; affd., 34 Hun, 339) it is stated: " I find nothing, however, to indicate an intention on the part of the legislature to protect parties who are thus punishable against other and different consequences of their contempt, when those consequences do not involve fine or punishment, and are such as have heretofore been visited upon disobedient parties in the exercise of the established powers of the court."

In *Naveja* v. *Naveja* (110 Misc. 279), in which a motion was made to strike out the complaint in an action for divorce, the court said: " The plaintiff's failure to obey the order of the court may be a sufficient basis to stay all proceedings in the action even though it be not a ground for striking out his pleading. (*Harney* v. *Harney*, 110 App. Div. 20; *Tafel* v. *Tafel*, 169 id. 417.) " As was said in *Harney* v. *Harney* (*supra*): " The element of ' contempt ' in the case is the contempt into which the court would put itself if it permitted one to act affirmatively in a suit while he was a disobedient suitor."

In *Gray* v. *Gray* (162 App. Div. 586) it was held that " Although the plaintiff has not been formally adjudged guilty of contempt of court, it is manifest that he is in contempt of court. * * * In such circumstances he is of course entitled to be heard in his defense

on any motion made or step that may be taken in the action, but he is not entitled to make any affirmative move or to take any step in his own right (*Fennessy* v. *Fennessy*, 111 App. Div. 181; *Harney* v. *Harney*, 110 id. 20), and he should not be permitted to enter judgment upon the verdict of the jury until he has paid the counsel fees and accrued alimony."

In *Maran* v. *Maran* (137 App. Div. 348) the head note reads: " The plaintiff, however, may pursue any other remedy, and while she is not entitled to a stay which will prevent the defendant from defending an action for separation, she is entitled to a stay of affirmative proceedings on his counterclaim for the same relief."

In *Friedman* v. *Friedman* (216 App. Div. 348, 350) the court states: " The practice has ordinarily been to stay the trial of a matrimonial action until the party moving the trial had purged himself from contempt by a compliance with the order which had been disobeyed. The cases, however, do not indicate that there may not be circumstances which justify the trial court in proceeding with the trial, notwithstanding the failure to obey the order. The authorities are, in effect that ' the court *may* stay him from progressive action * * * until he is purged of the contempt,' " citing cases. And further on the court says: " It may be, too, where it is clear that the case is not brought on for trial in order to add to the arrears of alimony for the purpose of further embarrassing and harassing the husband, that the court should not deny the latter the right to move the action for trial. It may be better to have the finality of judgment than the lingering doubt created by conflicting affidavits. No hard and fast rule can be applied. We think it a matter of sound discretion whether or not the Special Term in given circumstances ought to proceed to determine the merits of the litigation."

To proceed with the trial would result in permitting the defendant to take affirmative or progressive action, since he had noticed the case for trial. No circumstances, however, are shown which would justify the court in exercising its discretion in favor of the defendant and proceeding with the trial, notwithstanding the defendant's failure to obey the alimony order. Motion is granted. Settle order on notice.