AMELIA E. MCALLISTER, Plaintiff, *v.* ROBERT E. MCALLISTER, Defendant.

Supreme Court, Special Term, New York County, April 11, 1939.

*Battle, Levy, Fowler & Neaman,* for the plaintiff.

*Charles D. Jewell [Whitman, Ransom, Coulson & Goetz* of counsel], for the defendant.

FRANKENTHALER, J. Section 1171-a of the Civil Practice Act authorizes an order of sequestration where it appears that " the defendant is not within the State, or cannot be found therein, or is concealing himself therein, so that process cannot be personally served upon him." The defendant urges that this section is inapplicable here, despite the fact that the defendant is not within the State and is a resident of Florida, because he voluntarily filed a general appearance, which is the equivalent of personal service of the summons upon him under section 237 of the Civil Practice Act. The difficulty with this contention is that section 1171-a of the Civil Practice Act uses the word " process " rather than the word " summons." In the court's opinion the language employed indicates a legislative intent to permit sequestration not merely where the defendant cannot be served with the *summons* within the State, but also where by reason of plaintiff's inability to serve upon him *other mandates* of the court he may frustrate her attempts to compel him to obey such mandates. It is possible, for example, that the defendant may disobey an order directing him to pay alimony and that it may be impossible to effect personal service of the order upon him, which is ordinarily a necessary prerequisite of a contempt proceeding. It is likewise possible that even if a contempt order should be obtained against him the defendant, by remaining in Florida, may prevent its enforcement. Apparently the Legislature, realizing that situations such as these might arise in a case where the defendant is without the State, intended to furnish the remedy of sequestration to protect the plaintiff in such contingencies.

The motion to confirm the report of the official referee and for the appointment of a receiver in sequestration is granted, except that the defendant's interest in the Spencer estate is to be sequestrated only to the extent of $150,000. Settle order.