ARLEEN L. TEITELBAUM, Plaintiff, *v.* HARRY TEITELBAUM, Defendant.

Supreme Court, Special Term, Bronx County, February 27, 1954.

*Kramer & Kaprow* for plaintiff.

*Simon S. Panush* for defendant.

MATTHEW M. LEVY, J. The wife sued for annulment on the ground of fraud. The defendant counterclaimed for annulment on the ground of fraud. Temporary alimony and counsel fees were awarded to the wife. Both issues of fraud were tried on framed issues; and at such preliminary hearing it was found that neither spouse defrauded the other and that there was voluntary cohabitation by both with full knowledge of all the facts. Thus, while husband's counterclaim must be dismissed,

so must the wife's complaint, and the husband becomes the winner. The husband (who has paid no alimony whatsoever under the temporary order, but who has deposited security for the counsel fee) is now anxious to proceed at Special Term for the entry of final judgment on the framed issues. The wife, on the other hand, has moved to stay the defendant from entering judgment against her in the action until the alimony which accrued under the *pendente lite* order is paid; and she has also moved to punish the defendant for contempt for violation of that order because of such nonpayment.

It is the defendant's contention that, in view of the answers to the framed issues, the wife's suit was shown to be one in which there was no likelihood of success, and that if the Justice at Special Term who made the award of temporary alimony could have foreseen the outcome of the litigation on the merits, he would have made no award to the plaintiff *pendente lite*. Hindsight would (no doubt) always be helpful in the judicial process; but — perhaps not altogether unfortunately — quite unavailable. The law here, as in many other spheres, seeks not the attainment of the theoretical absolute, but rather of the reasonably just. The '' probability-of-success '' requirement in passing upon a wife's application for temporary alimony is not to be judged *nunc pro tunc* by the results of an ultimate trial, without more. I disagree most respectfully with the thought to the contrary (see *Walters* v. *Walters,* 195 Misc. 433, 435). If that were the rule, all that a husband would have to do to evade payment of duly-directed alimony, and consequent punishment for failure to make the required payments, would be deliberately to flout the order of the court and to avoid making such payments until the trial, and if he is there successful, then state merely that the wife was shown to have had no initial '' probability-of-success ''. To sanction such procedure would encourage disrespect for judicial decrees and would defeat the very purpose of temporary alimony — that is, to insure support of the wife until a disposition of the controversy on the merits.

The subsequent hearing and determination as to the facts did not render void or unenforcible the *pendente lite* alimony order which the husband deliberately ignored notwithstanding personal knowledge of its issuance. Moreover, in the instant case it so happens that the defendant was given an opportunity to stay the effect of the order granting temporary alimony by complying with certain bonding arrangements which he was financially well able to undertake. But he did not see fit to seek the benefits of this convenience, and apparently proceeded

to dispose of or secrete his assets. The Appellate Division specifically denied his motion for a stay of the provision for temporary alimony pending appeal from the order granting it. The escrow arrangements integrated as the results of the calendar conferences applied only to the allowance for the wife's counsel fee, and did not affect the directive to pay alimony. The court having required the defendant to make such payments, and the defendant having failed to make them, he is in contempt and should therefore be punished for such contempt.

The defendant should also be stayed from entering judgment in this action until he has paid the alimony accrued under the order — no portion of which, by the way, has he paid (*Gray* v. *Gray,* 162 App. Div. 586). If this stay were not granted, and the defendant were permitted to conclude the action to judgment, the plaintiff might, under the decided cases, be prejudiced in her right to support as a wife and to obtain the temporary alimony awarded her by the order (*Polizotti* v. *Polizotti,* 305 N. Y. 176). The defendant should not be permitted to obtain such advantage by his contumacious action in willfully disobeying the order of the court.

The motion is granted. That much protection the wife needs, that much consideration the community is entitled to receive by virtue of its social and economic interests in the matrimonial relationship, and that much recognition the mandate of the court demands. Settle order.