Vincent A. Lupiano, J.
Motions numbered F-1913 and F-1913“ A ” are consolidated and disposed of as follows:
The defendant, husband in this separation action, seeks an order reducing alimony or in the alternative, permission to place the case on the trial calendar, an examination before trial of the plaintiff, and an order vacating or modifying plaintiff’s demand for a bill of particulars.
The defendant, who seeks this affirmative relief with the assistance of the court, has admittedly and unjustifiably been in default of the order of this court awarding alimony and a counsel fee pendente lite. A defaulting party may be heard in his defense on any motion or step that may be taken in the action, but he is not entitled to make any affirmative move or take any steps in his own right (Gray v. Gray, 162 App. Div, *160 586, 589; Fennessy v. Fennessy, 111 App. Div. 181; Fink v. Fink, 139 Misc. 630; Bernstein v. Bernstein, 140 Misc. 224). The defendant cannot be permitted to refuse payment of counsel fees as ordered, and yet subject his wife to a motion, which requires legal services on her behalf. The defendant by his conduct has compelled the plaintiff to resort to the remedy of sequestration and indicated an unwillingness to obey the mandates of this court. Under such circumstances discretion, as prayed for by the defendant, should not be favorably exercised. Moreover, the papers in support of the motion for a reduction of temporary alimony do not show a change in circumstances from the time of the order fixing such alimony.
Accordingly, the motion to reduce alimony or in the alternative, for permission to place the case on the Trial Calendar and the motion for an examination before trial of the plaintiff are denied without prejudice to a renewal thereof upon a showing of current payments of temporary alimony and counsel fees.
However, the defendant’s motion to vacate or modify plaintiff’s demand for a bill of particulars, which in effect seeks defensive rather than affirmative relief (Gray v. Gray, supra), is granted to the extent of striking items 1, 3 and 6 inclusive, striking items 5a, 5b, 5c, 5e and 5f, modifying item 2 to state generally the acts claimed by defendant which interfered with the proper running of the household, and modifying item 4 to state generally the acts claimed by defendant to have abused him, and the said motion is denied in all other respects.
The plaintiff’s cross motion to stay all affirmative proceedings on the part of the defendant in this action is granted for the reasons already indicated. The defendant is stayed from taking any affirmative steps until he has complied with all the previous orders of the court in this action. The plaintiff’s cross motion which seeks to strike the above-entitled cause from the Trial Calendar is denied as the facts show the case has not been placed on the calendar. The cross motion for an additional counsel fee is denied.