Vincent A. Lupiano, J.
This is a motion by the defendant husband in a matrimonial action to dismiss the complaint for plaintiff’s failure to diligently prosecute or, in the alternative, that the plaintiff be directed to place the case on the calendar for trial.
Issue was joined in November, 1956. Thereafter, various corrective motions were addressed to the pleadings. Then a motion by the plaintiff for temporary alimony and a counsel fee was granted. The defendant has been in default in making any payments to date. In March, 1957 the court granted sequestration. In May, 1957 the defendant, still in total default of any alimony payments, moved for a trial and in the alternative for a reduction of alimony and various other procedural relief. The plaintiff cross-moved to strike the case from the Trial Calendar and for a stay of the defendant from taking any affirmative action. The court granted plaintiff’s motion to stay the defendant and denied him the relief sought. This action has now reached an impasse. The plaintiff wife has failed to take any affirmative action, apparently on the theory that until her attorney’s fees are paid she is not required to do so. Arrears have been accumulating. The defendant, who now claims he is destitute, is unable to seek a modification of the award of temporary alimony or to have a trial of the action.
The law is that a party in a matrimonial action who is in default of alimony payments, is not permitted to take any affirmative action and may be stayed from doing so. (Gray v. Gray, 162 App. Div. 586; Fennessy v. Fennessy, 111 App. Div. 181; Fink v. Fink, 139 Misc. 630; Bernstein v. Bernstein, 140 Misc. 224.) However, the defendant has not sought any affirmative relief in the action by way of counterclaim. He asserts three defenses one of which at least would necessitate the court’s dismissal of the action. Within the broad equity power of the court, and within the recent Appellate Division recommendation for expeditious trials in matrimonial actions, it would seem that a trial would resolve all the issues now presented by the parties. Moreover, rule 156 of the Rules of Civil Practice *162 indicates that such a direction is desirable. The plaintiff will not be prejudiced for she still may pursue her remedy for the enforcement of payment of arrears of alimony.
Accordingly, the stay of the defendant is vacated to the extent of permitting defendant to place the case upon the matrimonial calendar for the September Term upon condition that he pays the necessary filing fees and upon the further condition that he preliminarily pay the first installment of the attorney’s fee awarded to the plaintiff, directly to the plaintiff’s attorney, within 15 days after service of a copy of this order with notice of entry. The motion is denied in all other respects.