Samuel M. Gold, J.
The letter of defendant’s attorneys, dated January 19, 1959, will be treated as a motion for reargument. (The letter has been answered by one from plaintiff’s attorney dated Jan. 20, 1959.)
Defendant now, for the first time, requests that the issues of residence be preliminarily determined instead of being left to the trial. The court pointed out in its original opinion that ordinarily the question of residence in cases of this character is left for the trial, citing many authorities to that effect. Defendant claims that all the cases cited preceded the enactment of section 237-a of the Civil Practice Act which, in paragraph (b) of subdivision 3, authorizes the court, in its discretion, to order a preliminary trial of the issues relating to jurisdiction. Such subdivision, however, is no different in this respect from rule 108 of the Rules of Civil Practice which also authorizes a preliminary trial of issues of fact presented upon a motion pursuant to rule 107 of the Rules of Civil Practice including a motion, under subdivision 1 of that rule, for dismissal for lack of jurisdiction of the subject of the action. A number of the cases previously cited by the court were decided after the enactment of rule 108 indicating that the appellate courts have felt that a proper exercise of discretion required that questions of residence in matrimonial actions be left for the trial for resolution. In view, however, of the fact that approximately $200,000 of defendant’s funds has been sequestered, with possibly serious consequences to his ability to maintain himself and his professional activities, an exception to the general rule would seem to be presented. There is some appellate authority for a preliminary hearing in a case of this character (McMartin v. McMartin, 272 App. Div. 767, affg. 59 N. Y. 8. 2d 449). Defend *523 ant’s belated request for a preliminary hearing of the plaintiff’s continuous residence in this State (1) for at least one year prior to the commencement of this action and (2) at the time of the commencement of the action will accordingly be granted. The motion for reargument is granted to the extent of designating Honorable Thomas J. Beady, Official Referee to take proof as to said issues and report to the court, with his opinion, with all convenient speed. Final disposition of the motion, insofar as it seeks dismissal of the complaint, will meanwhile be held in abeyance.
To the extent the application for reargument is based upon other grounds, it is denied. The cases cited by defendant’s attorney on page 4 of his letter are not applicable where a good prima facie case is established by evidentiary facts. As to the case of McAllister v. McAllister (257 App. Div. 196) relating to the amount of the sequestration bond, the decision there was made after the amount of alimony and counsel fee had already been fixed. The alimony in the McAllister case was $150 per week and the counsel fee $1,500. The Appellate Division considered $25,000 sufficient security to ensure the payment of that amount. In the instant case, alimony and counsel fee, if granted, will undoubtedly be many times the amount awarded in the cited case. This court in its prior opinion expressly authorized defendant to apply for a reduction of the amount sequestered after the fixation of the alimony and counsel fee. This provision adequately protects defendant. It is interesting to note that examination of the previous file in the McAllister case reveals that the defendant in that case argued that ‘ ‘ it was error to grant a sequestration order when the evidence showed the plaintiff’s action was not well founded ”. The court nevertheless affirmed the order of sequestration.