Mario Pittoni, J.
The defendant husband moves to vacate an order of sequestration made by Mr. Justice Robihsoh on August 18,1959.
The documents upon which the order was granted were sufficient to authorize the order; in fact, the defendant’s moving-affidavits do not show that any of the requirements giving the court jurisdiction to grant the order were lacking. Thus, the motion must be denied. (Pochna v. Pochna, 15 Misc 2d 521, 18 Misc 2d 413.)
Though the defendant states he is a resident of New York, he admits that he left New York in February, 1959 and went to New Jersey. He does not state when or if he returned to New York; and thus he does not dispute the statements in the affidavit upon which the order was granted to the effect that the defendant “ is not within the State ” and “ process cannot be personally served upon him ’ ’.
*94 The mere fact that the defendant has made a general appearance herein is not sufficient to call for a vacatur of the order. (McAllister v. McAllister, 171 Misc. 72.)
The sole point that seems to be made by the defendant is that the order causes serious and undue hardship to him. This claim is not sufficiently established and, anyway, would not be a sufficient reason for vacating the order.
Sections 1171 and 1171-a, read together, authorize substitution of security for any property held under a sequestration order. Thus, if the defendant had made an alternative motion for the substitution of a bond it would have been granted by the court. (Bittson v. Bittson, 283 App. Div. 1088; Scharer v. Scharer, 279 App. Div. 603.)
However, the plaintiff states that there is no opposition to the substitution of a surety company bond in an amount commensurate with the value of the property. But in this case, unlike the Bcharer case, there is as yet no order fixing the amount of the defendant’s obligations. To help establish this amount the plaintiff has requested access by the plaintiff to the defendant’s safe-deposit box in the Chemical Corn Exchange Bank to determine the value of its contents prior to a hearing on the amount of the bond. The defendant consents. There shall be an informal hearing in this case among the court and the attorneys for the respective parties to determine the amount of the defendant’s obligations.
Therefore, the motion to vacate is denied; but the defendant is authorized to substitute a surety bond for the property sequestered in an amount to be determined by this court. Thereafter, the filing of the court approved bond with the Clerk of this court shall be in lieu of and instead of the sequestration order herein.
Settle order on notice, and leave a space therein for the court to insert a hearing date.