■ MAXINE BRANT, Appellant, v. HENRY BRANT, Respondent.— Orders appealed from unanimously modified on the facts and in the exercise of discretion, with costs to plaintiff-appellant, and the matter remanded for further proceedings not inconsistent herewith. There was no warrant for according to defendant-respondent, on affidavits alone and without a hearing, a substantial reduction in alimony at a time when he had made no effort to comply with an outstanding order adjudging him to be in contempt for having failed to pay $840 in previously accrued alimony arrears, which order fined him that amount and directed him to pay out said fine in monthly installments together with current alimony. Where one who seeks the favor of the court has willfully flouted its orders, courts will be loath to exercise their discretion to grant such an applicant affirmative relief (Garfinkel v. Garfinkel, 8 A D 2d 777; Gray v. Gray, 162 App. Div. 586; Fennessy v. Fennessy, 111 App. Div. 181; Teitelbaum v. Teitelbaum, 205 Misc. 324). Defendant-respondent is therefore directed to pay the $840 fine within 15 days of the entry of the order to be settled herein. He is further directed to continue the payment of alimony in accordance with his last stipulation at the current rate of $1,600 per year. The application of plaintiff-appellant to enter judgment for accrued alimony arrears and that of defendant-respondent for a further reduction are remanded to Hon. Isidor Wasservogel as Referee to hear and report to Special Term on the assets, income and financial condition of both parties, and on the issue of waiver and estoppel. Upon receipt of the report, Special Term shall make a new determination which may include the fixation of past alimony nunc pro tunc. Settle order. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.

■ AARON GREENGOLD, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs to plaintiff-respondent. In affirming this judgment, we are troubled by the conduct of plaintiff's trial attorney. He used Flynn, a present employee of the defendant, in conflict with the interests of Flynn's own employer, to assist in the preparation of a lawsuit by seeking out a witness, Vanderpool, a retired employee of defendant. Moreover, and equally troublesome, such employee was paid so-called expense money, disproportinate to any actual expenses sustained. An aggravating circumstance is that the written statement was not obtained from the retired employee until shortly before trial, three years and three months after the happening of the accident. Such statement, in effect, appeared to repudiate two prior written reports of the accident given by such retired employee to his employer shortly after the accident occurred. Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.

■ ANNA GREENBERG, Respondent, v. F. W. WOOLWORTH Co., Appellant.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ. [18 Misc 2d 141.]