Bernard S. Meyer, J.
In this action, commenced in December, 1959, plaintiff wife seeks a separation on the grounds of cruel and inhuman treatment and abandonment, custody of the four children of the marriage and appropriate allowances for support. A motion for alimony and counsel fees made at the commencement of the action resulted in an order dated February 19, 1960, requiring defendant to pay a $500 counsel fee, but referring the matter of support of plaintiff and the children to the trial court, with the proviso that plaintiff might make a further application should defendant discontinue the payments then being made by him. Defendant in due course answered and set up affirmative defenses of abandonment, misconduct, adultery and a divorce granted to him on January 21, 1960, by a court of Bexar County, Texas, wherein he has resided since 1958. On July 21, 1960, the counsel fee being unpaid, plaintiff obtained an • ex parte order appointing her receiver in sequestration. By motion returnable August 10, 1960 and served on defendant’s then attorneys, plaintiff, alleging that defendant had on March 1, 1960, reduced the payments from $85 to $35 per week, renewed her application for support and alimony pendente lite. On defendant’s default, an order requiring payment of $95 per week was entered. A motion returnable *992 October 24, 1960 to open the default in answering the August 10,1960 motion was denied with leave to renew on papers setting forth the reason for the default and including an affidavit of merits. On November 3, 1960, judgment for arrears of $860 in counsel fee and alimony was entered and on November 25, 1960, the receiver was authorized to sell real property of defendant, the latter order being made on default in opposition after service on defendant’s attorneys.
By the present motions plaintiff seeks an order appointing an attorney for the wife as receiver, and an order precluding defendant from offering any proof or presenting any affirmative defenses until the arrears are paid. Defendant, having obtained a new attorney, cross-moves for an order (1) setting aside the appointment of plaintiff as receiver and vacating the authorization to her to sell the real property, on the ground that such appointment was made without notice as required by section 975 of the Civil Practice Act; and (2) opening his default to the August 10, I960 motion and vacating the judgment for arrears on the ground that he did not authorize his then attorneys to permit the matter to go by default.
The cross motions are denied. The sequestration order was made pursuant to section 1171-a of the Civil Practice Act "which specifically provides that ‘ ‘ the court may at any time and from time to time make any order or orders without notice directing the sequestration of his property ” (emphasis supplied). That provision is constitutional in view of the fact that no order of sale may be made without notice. (Matthews v. Matthews, 240 N. Y. 28.) Section 1171-a is clearly applicable since defendant’s residence in Texas makes clear that “ defendant is not within the state ” and the fact that there is someone within the State upon whom process may be served does not render the section inapplicable. (McAllister v. McAllister, 171 Misc. 72, mod. 257 App. Div. 196; Faldi v. Faldi, 20 Misc 2d 93.) The order of sale was validly entered since notice was given to defendant’s then attorney, and his default on that motion may not be vacated since he has set forth no meritorious defense. Concededly the counsel fee directed to be paid by the February 19, 1960 order remains unpaid, and that alone would be sufficient to authorize the order of sale. Nor may defendant’s default in answering the August 10, 1960 motion for alimony and support be opened, for while his present papers place the blame for the default on his then attorneys, he still has not shown a meritorious defense to the motion. The February 19, 1960 order, made notwithstanding defendant’s strong opposition, constituted a determination that plaintiff had shown reasonable probability of *993 success and could not have been relitigated on the August 10, 1960 motion. Defendant’s affidavit of January 15,1960 in opposition to the motion which resulted in the February 19, 1960 order admitted “ that she [plaintiff] has been paid at the rate of $85 per week”, an admission which clearly supports the $95 order of August 10, 1960. While it is true that the quoted portion of the January 15, 1960 affidavit continued: “a sum totally disportionate [sic] to my income,” it contains defendant’s admission that his salary was then $150 a week, and it is not denied that he is the owner of a promissory note the original principal sum of which was $8,500, and also that he owns the marital home free and clear. Further, while the February 19, 1960 order was clearly predicated on continuation of payments totaling $85 a week, defendant now admits that after the Texas divorce, which required payment of $35 per week for support of the two children now living with plaintiff, he cut his total payments to $50. Whatever defendant’s grievance against his former attorneys may be, if in fact they negligently or deliberately allowed a default to be taken against him, he has not, on the present cross motion made the showing necessary to warrant opening his default.
It follows from what has been said above that plaintiff’s motion for appointment of an attorney for the receiver in sequestration should be granted. It does not follow that plaintiff is entitled to the preclusion order which she seeks. While the failure to pay alimony or counsel fees warrants staying affirmative steps by a defendant, and amendment of the answer to set forth affirmative defenses has been held to be such an affirmative step (Larsen v. Larsen, 9 A D 2d 896), proof of the affirmative defenses now set forth in defendant’s answer is a constitutionally protected right which may not be precluded. “ Since the decision of Hovey v. Elliott (167 U. S. 409) the courts of this State have held that a defendant in a matrimonial action may not be deprived of his right to defend the suit because of a failure to comply with an order directing the payment of alimony and counsel fees. (Landry v. Landry, 215 App. Div. 316; Gray v. Gray, 162 App. Div. 586; Sibley v. Sibley, 76 App. Div. 132; see Ann. 62 A. L. R. 663.) But this right to defend does not include a privilege to take any progressive steps in the action” (Sherwood v. Sherwood, 5 A D 2d 137, 138). Plaintiff relies on Walker v. Walker (82 N. Y. 260); Quigley v. Quigley (45 Hun 23), and Knott v. Knott (6 App. Div. 589). After citing those three cases among others, the Appellate Division, First Department in Sibley v. Sibley (76 App. Div. 132, supra) disposed of them as follows (p. 135): “In the exhaus *994 tive opinion delivered by Mr. Justice White in Hovey v. Elliott (supra) the decision of our Court of Appeals in Walker v. Walker (supra) is considered and, in effect, overruled. The doctrine of the cases in our courts, to which reference has been made, is not reconcilable with the decision of the Supreme Court of the United States in Hovey v. Elliott. There is no room for distinction; and it being a Federal question, it is our duty to follow the Supreme Court of the United States.”
That the answer of a defendant in contempt may not be stricken is recognized in Zeitz v. Zeitz (263 App. Div. 825) and Harney v. Harney (110 App. Div. 20, 22), both Second Department cases. No distinction can be drawn between striking an answer and precluding introduction of evidence in proof of defenses set forth in an answer. The other cases upon which plaintiff relies are all clearly distinguishable: Harney v. Harney (supra) and Bernstein v. Bernstein (140 Misc. 224), because they involved a stay of defendant from noticing the case for trial; Fennessy v. Fennessy (111 App. Div. 181) because it dealt with a defaulting defendant’s motion for preference; Maran v. Maran (137 App. Div. 348) because it stayed proceedings on a counterclaim; Clarke v. Clarke (8 Misc 2d 159) because it allowed the placing of the case on the Trial Calendar notwithstanding arrears in alimony. In each case, defendant sought to take progressive or affirmative action. Such is not the instant case. The motion to preclude is denied.