■ MARGRET WOLF, Respondent, v ROBERT L. WOLF, Appellant.—Order of the Supreme Court, New York County, entered April 1, 1975, setting down for an evidentiary hearing the issues raised in defendant's motion provided that defendant pays all arrears, support and counsel fees, unanimously affirmed, without costs and disbursements. Defendant seeks to be relieved of certain obligations under a judgment of divorce entered June 12, 1970, a supplemental judgment entered June 2, 1971, an order adjuding defendant in contempt entered March 7, 1974 and an order of commitment entered May 30, 1974. Under the circumstances herein, the relief sought by defendant must be characterized as affirmative. It appears that defendant has avoided the order of commitment by the simple expedient of not entering New York. The present and enduring state of defendant's contempt of court is illustrated by the following facts: Plaintiff wife in 1967 obtained a judgment of separation and defendant, a physician specializing in internal medicine, was directed to pay $160 weekly for support of his wife and child. In 1969, plaintiff obtained a conversion divorce with slightly higher support terms after an eight-day trial, the trial court refusing to believe that defendant had lost $60,000 in gambling and therefore could not pay alimony and support. Defendant filed a notice of appeal, but failed to perfect the appeal. His subsequent failure to obey the provisions of the divorce judgment resulted in a money judgment being entered against him in December, 1971 for $12,000. Six months later a commitment was ordered, it appearing that defendant's 1971 income tax return showed income of over $40,000 with net income of $138. Again a notice of appeal was filed, but defendant failed to perfect same. After a subsequent incarceration of 86 days, defendant paid $7,500 in settlement of previous obligations to plaintiff, resumed his practice and failed to continue abiding by the alimony and support provisions of the divorce decree. By order of December 14, 1973, plaintiff's motion to punish defendant for contempt was granted to the extent of reducing defendant's payments by $20 weekly because of the child's bar mitzvah and reducing defendant's obligations for the six-month period following his release from jail. Continued failure to pay resulted in arrears of $11,678 and plaintiff in January, 1974 again moved to punish defendant for contempt. Three months thereafter, defendant moved to terminate alimony and reduce child support and plaintiff cross-moved for commitment. This resulted in the May 30, 1974 order which denied defendant's motion and granted plaintiff's motion for commitment of defendant. It also appears that defendant was incarcerated for a two-month period in Federal prison in the summer of 1974 on a conviction of failing to pay income taxes on $130,000 during the years 1968–1970. It is well recognized that "Where one who seeks the favor of the court has willfully flouted its orders, courts will be loath to exercise their discretion to grant such an applicant affirmative relief *(Garfinkel v Garfinkel,* 8 AD2d 777; *Gray v Gray,* 162 App Div 586; *Fennessy v Fennessy,* 111 App Div 181, *Teitelbaum v Teitelbaum,* 205 Misc 324)" *(Brant v Brant,* 10 AD2d 567). Special Term properly determined that defendant was entitled to a hearing on his financial circumstances upon purging himself of contempt. Concur—Kupferman, J. P., Murphy, Lupiano, Capozzoli and Lane, JJ.